THE STATE ex rel. WALKER D. HINES v. JOHN W. CALHOUN, Judge of Circuit Court.

In Banc, March 15, 1920.

1. **JURISDICTION: Venue: Railroad.** A railroad company, whose line of road runs into only one county of the State and has an office or agent in no other, can be sued only in such county.

2. ——: ——: **Director General of Railroads: Agent.** The usual and customary business of a railroad company consists in the receipt of freight and passengers at various points on its line, the transportation of them thereon, their delivery at other points

thereon, the issuance of bills of lading, the sale of tickets, and the keeping of books and accounts of the company relating to such transactions; and the Director-General of Railroads, appointed under an act of Congress directing the President to take charge of, operate and control all railroads, is not such an agent in a county in which the railroad company which has caused plaintiff's injury has no place of business and into which its line of road does not run, and the circuit court of such county has no jurisdiction over the person of the Director General, although he is found in the county and summons is served upon him therein. Whether or not the action for damages be grounded on the Employers' Liability Act, his duties and liabilities are just as broad territorially as were those of the railroad company before he took charge of its properties. If the railroad company could not have been sued in a county prior to that time, he cannot be.

3. ———: ———: ———: **General Orders 18-A and 18-B.** . General Orders 18-A and 18-B of the Director-General of Railroads, providing that suits against carriers while under Federal control must be brought in the county or district where plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose, cannot be construed to oust a state court of jurisdiction of the subject-matter of an action over which the laws of the State give it jurisdiction; but if the railroad company, whose lines are being operated by the Director-General, has a line of road in a certain county in this State, he can be sued in such county, provided he can be found there, though the service of summons would have to be made under Section 1751, and not under Section 1754, Revised Statutes 1909.

## Prohibition.

PRELIMINARY WRIT MADE PERMANENT.

*James F. Green* and *H. H. Larimore* for relator.

The suit of Joseph Sharamitaro v. Union Pacific Railroad Company et al., No. 20072, pending in the circuit court of the city of St. Louis, is an attempt to subject Walker D. Hines to the jurisdiction of the said court, in violation of the plain provisions of the statutes of Missouri relating to the venue of suits against corporations, because of which said circuit court was possessed of no jurisdiction over the person of the Director General of

Railroads. Sec. 1754, R. S. 1909; Sec. 10, chap. 25, U. S. Statutes at Large, Vol. 40, p. 452; Rutherford v. U. P. Railroad Co., 254 Fed. 880; Friesen v. Ry. Co., 254 Fed. 875; State ex rel. v. Jones, 270 Mo. 230.

*H. C. Whitehill* for respondent; *A. L. Levi* of counsel.

(1) In filing suit in the circuit court of the city of St. Louis, the plaintiff was entitled to obtain service upon the relator, if he could be "found" within said jurisdiction, as provided by the statutory law of Missouri, as he was made a party defendant in a representative capacity. Secs. 1734, 1751, 1760, R. S. 1909, as amended by Laws 1915, p. 225. (2) Actions accruing in a foreign state or under the Federal Employers' Liability Act may be brought in any of the courts of this State by the persons entitled to the proceeds thereof. Sec. 1736, R. S. 1909; Lee v. Railroad, 195 Mo. 400; Jones v. Railroad, 178 Mo. 525; Newlin v. Railroad, 222 Mo. 375; Act of Congress, April 22, 1908, U. S. Comp. Stat. 1916, sec. 8657; Second Employers' Liability Cases, 223 U. S. 1; 14th Amendment, U. S. Const. sec. 1. (3) Service of process was had upon relator in strict accordance with the provisions of the statutes governing the same, as relator is neither a corporation nor a joint stock company. Sec. 1760, R. S. 1909, as amended by Laws 1915, p. 225; State ex rel. v. Sale, 232 Mo. 173. (4) If relator had any objection to the circuit court's judisdiction over the subject of the action, or the person of the defendant, it was his duty to raise same by demurrer or by a plea. Sec. 1800, R. S. 1909; State ex rel. v. Grimm, 239 Mo. 135; Newcomb v. Railroad, 182 Mo. 707; Glendale Lbr. Co. v. Barker Lbr. Co., 152 Mo. App. 386; Hanson v. Neal, 215 Mo. 256; Johnson v. Detrick, 152 Mo. App. 235; Hendricks v. Calloway, 211 Mo. 536. (5) By filing the motion to dismiss and to quash the summons, and introducing as a part of said motion matters *dehors* the record, i. e., the petition and

the return, which would require evidence, amounts to a waiver of the right to have the return quashed and the suit dismissed, no matter how the summons was served, and constitutes an entry of appearance to the action. State ex rel. v. Sale, 232 Mo. 176; State ex rel. v. Grimm, 239 Mo. 135; Thomasson v. Insurance Co., 217 Mo. 495; Meyer v. Insurance Co., 184 Mo. 481; Barrow SS. Co. v. Kane, 170 U. S. 100; Mahr v. U. P. Ry. Co., 140 Fed. 921. (6) The Director General of Railroads is a carrier under the Act of Congress, March 21, 1918, and may be sued in the several states according to the laws thereof. Sec. 10, chap. 25, U. S. Stat. at Large, Vol. 40, p. 452; Rutherford v. U. P. Railroad, 254 Fed. 880. (7) The General Orders of relator as Director General of Railroads are not effective to limit the venue of actions to a certain county or district, or to affect the jurisdiction of state courts or the laws thereof regarding institution of suits or services of process therein. Friesen v. Railroad, 254 Fed. 875; Moore v. Railroad, 174 N. Y. S. 60; El Paso R. Co. v. Lovick, 210 S. W. 283; Jensen v. Lehigh Valley Railroad, 255 Fed. 795; Commercial Club v. Railroad, 171 N. W. 312; Matter of N. Y. Cent. Railroad, 174 N. Y. Supp. 682; Muir v. Railroad, 247 Fed. 896; Lavalle v. Railroad, 172 N. W. 918; Gowan v. McAdoo, 173 N. W. 440; McGregor v. Great Nor. Ry. Co., 172 N. W. 841; Vaughn v. State, 81 So. 417; Matter of Morris Ave. Bridge, 174 N. Y. Supp. 682; Dahn v. McAdoo, 256 Fed. 549; Johnson v. McAdoo, 257 Fed. 757; U. S. Railroad Admn. v. Burch, 254 Fed. 140.

WOODSON, J.—The suit out of which this proceeding grew, was instituted in the Circuit Court of the City of St. Louis of Joseph Sharamitaro, administrator of the estate of Leo Sharamitaro, deceased, to recover damages caused by the alleged negligence of the Union Pacific Railroad Company, a corporation, for injuries received by the deceased, which resulted in his death. A summons was issued out of the clerk's office of the Circuit Court of the City of St. Louis, and directed to the sheriff of Jackson County, Missouri, for service. Serv-

ice was duly had upon the agent of the defendant's company, in said county, that being the only county in the State into which the defendant's road ran or in which it did business. A return of the petition and service of the summons was made by said sheriff of the Circuit Court of the City of St. Louis. Upon the motion of the railroad company, said service was quashed. After the quashing of said return, the plaintiff filed an amended petition in the same court, making Walker D. Hines, Director General of Railroads, a party defendant, and on or about May 19, 1919, a summons was issued for said Walker D. Hines, directed to the sheriff of the City of St. Louis for service, and in pursuance thereto the said sheriff on said day made the following return upon the summons:

"Executed this writ in the City of St. Louis, Missouri, this 19th day of May, 1919, by delivering a copy of the writ and petition as furnished by the clerk to Walker D. Hines, Director General of the Railroads, defendant herein."

Thereupon the defendant, Hines, filed the following motion in the cause:

"Your relator further avers that thereafter, on the 2nd day of June, 1919, defendant Walker D. Hines, Director General of Railroads, appearing for that purpose only, filed a motion to quash such service and dismiss said cause on the ground that said court by such pretended service acquired no jurisdiction of the subject of the action, nor of the defendant Walker D. Hines, Director General of Railroads, and on June 25th thereafter such special motion of defendant Hines to quash such return of service and dismiss said cause was by the Circuit Court of the City of St. Louis, over the objections and exceptions of said defendant Hines, overruled.

"Your relator also avers that by the terms and provisions of Section 1754, Revised Statutes 1909, suits against railroad corporations can only be brought and maintained in counties  through which the railroad being operated by such railroad company runs, or in

counties where such railroad company shall have or usually keep an office or agent for the transaction of its usual and customary business; that, as above set out, neither the Union Pacific Railroad Company nor Walker D. Hines, Director General of Railroads operating the Union Pacific Railroad, at any time kept within the limits of the City of St. Louis, an office or agent for the transaction of their usual and customary business, and also, as above stated, the Union Pacific Railroad Company at no time operated a railroad running into or through said City of St. Louis or St. Louis County, Missouri.

"Because of all of which your relator says that the said Circuit Court of said City of St. Louis, by the pretended service above set out and the return of the sheriff thereon, acquired no jurisdiction of the subject of the action, nor of the person of Walker D. Hines, Director General of Railroads, in charge of and operating the Union Pacific Railroad, and, having quashed the pretended service had upon the Union Pacific Railroad Company, said court was also without jurisdiction to make said Walker D. Hines, Director General of Railroads, a party defendant to the action, or cause any summons to be issued for such Director General to the sheriff of the City of St. Louis, Missouri, or otherwise.

"Relator has attached hereto the petition in said case No. 20072, wherein the Director General of Railroads was made a party defendant; a copy of the summons issued thereon to the sheriff of the City of St. Louis, directing him to summon the said Walker D. Hines, Director General of Railroads; the return of the sheriff thereon; the special motion of said defendant Walker D. Hines, Director General of Railroads, to quash such pretended service; and the order of court overruling such motion; all certified to by the clerk of the Circuit Court of the City of St. Louis, Missouri, and made a part of this application.

"Finally, your relator avers that the respondent herein, Judge of said Circuit Court of the City of St.

Louis, is about to proceed in said cause No. 20072 against the said Walker D. Hines, Director General of Railroads, a defendant therein, and to exercise jurisdiction in said cause against said defendant; that your petitioner is without adequate remedy in the premises to prevent the exercise of such jurisdiction by respondent other than by prohibition to be issued by this Honorable Court.

"Wherefore, your petitioner, the State of Missouri at the relation of Walker D. Hines, Director General of Railroads in charge of and operating the Union Pacific Railroad, prays that this Honorable Court will issue against respondent, John W. Calhoun, Judge of the Circuit Court of the City of St. Louis, Missouri, its writ of prohibition, restraining and preventing him from hearing or taking further cognizance or action in said cause of Joseph Sharamitaro, Administrator, v. Union Pacific Railroad Company et al., No. 20072, in so far as the said Walker D. Hines, Director General of Railroads, is concerned, and that said respondent, pending the final hearing of this cause, be prohibited and restrained from taking any cognizance or action in said suit pending before him against the said Director General of Railroads, and that, upon final hearing, said prohibition against respondent be made absolute."

After consideration, this court on the 13th day of October, 1919, issued its preliminary rule against the respondent, which was in conventional form. Thereupon the respondent Calhoun made the following return:

"Comes now the Honorable John W. Calhoun, respondent herein, and for answer and return to the petition and application for writ in prohibition heretofore issued:

"First. Admits that he is one of the duly elected, qualified and acting judges of the Circuit Court of the City of St. Louis, Missouri, comprising the Eighth Judicial District of said State, and as such is the presiding judge in Division No. 1 of said circuit court, known as the Assignment Division thereof. That the

suit mentioned in the application for this writ was duly filed in the office of the clerk of said court and is now pending before your respondent as judge of said Division No. 1, thereof. That it will be the duty of respondent to hear and determine the pleadings in respect of said suit during the time of his presiding over said division, to-wit, from October 1, 1919, to January 1, 1920.

"Second, Respondent further states that the said suit of Sharamitaro, Administrator, v. Union Pacific Railroad and Walker D. Hines, Director General of Railroads, was at the time of its filing immediately transferred to Division No. 1 known as the Assignment Division of the Circuit Court of the City of St. Louis, Missouri. That thereafter while said cause was so pending in said division as aforesaid, the Honorable Charles B. Davis, one of the duly elected, qualified and acting judges of the Circuit Court of the City of St. Louis, Missouri, comprising the Eighth Judicial District, was regularly assigned to preside over said assignment division of said court, and during his tenure therein there was filed in said cause a certain motion of said Director General of Railroads, Walker D. Hines, to dismiss said cause and to quash the sheriff's return thereon, which is in words and figures as follows" (which was in conventional form, but not mentioned here) : "That thereafter the Respondent, Hines, filed the following motion to dismiss:

"'Now comes Walker D. Hines, Director General of Railroads, for the purpose of this motion only and for no other purpose, and moves to quash the summons issued herein for the reason that, upon the face of the record, this court has no jurisdiction to issue any summons for this defendant, Walker D. Hines, or for the Union Pacific Railroad Company; that no service has been had upon any agent of the Union Pacific Railroad Company in the City of St. Louis, or within the jurisdiction of this court, and that the action is instituted in this jurisdiction in violation of General Order No. 50 and General Order No. 50-A issued by said Director General of Railroads, copies of which orders are hereto attached and made a part of this motion.

" 'Wherefore, defendant asks that the summons be quashed and that the cause shall be dismissed, for which he will every pray.'

"That, thereafter, on June 25, 1919, said motion coming on for hearing was, by the court, through the said Honorable Charles B. Davis, presiding therein, overruled, so that at this time, the said defendant, Walker D. Hines, as Director General of Railroads, is required, under the statute, either to answer, demur or otherwise plead to the petition upon which this cause is founded, and which is now pending as aforesaid.

"Third.  Respondent further states that this is a cause of action based upon an Act of Congress of April 22, 1908, known as the Federal Employers' Liability Act, and is for damages for an alleged wrongful and negligent injury of plaintiff's intestate, which resulted in his death in the State of Wyoming while an employee of the said defendant, Union Pacific Railroad, which was then and there being operated by the defendant, Walker D. Hines, Director General of Railroads, and in said suit it is alleged that both said employer and employee were at the time engaged in interstate commerce within the meaning of said Act of Congress.

"Fourth.  For further answer, respondent states that, under and by the terms and provisions of said Act of Congress mentioned as aforesaid, the term 'Common Carrier' as used in said act shall include a receiver or receivers, or other persons or corporations charged with the duty of the management and operation of the business of a common carrier, and that the said Walker D. Hines is and was at all the times mentioned in said cause the duly acting Director General of Railroads, and, as such, in charge of the operation, control and management of said Union Pacific Railroads, and that, as such Director General of Railroads, the said Walker D. Hines is and was at all times herein mentioned amenable to said Act of Congress and the provisions thereof.

"Fifth.  For further answer, respondent states that, under the Act of Congress, approved March 21,

1919, entitled, 'An Act to provide for the operation of transportation systems while under Federal control,' it is expressly provided that 'carriers, while under Federal control, shall be subject to all laws and liabilities as common carriers, whether arising under State or Federal laws, or at common law' and that, by virtue of such authority, the Director General of Railroads under sail General Orders No. 18-B and 18-A, has provided as follows, to-wit:

"' 'It is, therefore, ordered that all suits against carriers, while under Federal control, must be brought in the county or district where the plaintiff resided at the time of the accrual of the cause of action or in the county or district where the cause of action arose.'

"That it appears from the face of the petition filed in said cause of Sharamitaro, Administrator, v. Union Pacific Railroads, that the plaintiff therein was appointed by the Probate Court of the City of St. Louis, Missouri, the duly acting administrator, and was at the time of said suit in charge and control of said estate as said administrator, and at the time of his said appointment and the institution of this said suit is and was in the City of St. Louis, Missouri.

"Sixth. Further answering, respondent stated that, under General Orders No. 50 and 50-A of the Director General of Railroads, it was provided, in part, as follows, to-wit:

"' 'That actions at law, claim for death or injury to a person arising since December 31, 1917, and growing out of the possession, use, control or operation of any railroad or system of transportation by the Director General of Railroads, which action, suit or proceeding but for Federal control might have been brought against the carrier company, shall be brought against the Director General of Railroads, and not otherwise. That the pleadings in all such actions at law or proceedings now pending against any carrier company for a cause of action arising since December 31, 1917, based upon a cause of action arising from or out of the operation of any railroad or other carrier, may, on application, be

amended by substituting the Director General of Railroads for the carrier company as party defendant and dismissing the company therefrom.'

"That said plaintiff administrator in said suit has amended his said cause of action by substituting and adding thereto the said W[alker D. Hines, Director General of Railroads, as party defendant, upon which amendment summons was duly issued by the clerk of the said court and service made, as will appear from the face of said return, which is set forth in the application for this writ.

"Seventh. Respondent further states that by the provision of Section 1751, Revised Statutes 1909, which were in force at the time said action was commenced and which in part provide that suit may be brought by summons in the county within which the plaintiff resides and the defendant may be found in that it conclusively appears by the return of the sheriff that said Walker D. Hines, Director General of Railroads, defendant in said action, was personally served within the jurisdiction of the court wherein the plaintiff resided at the time said action was commenced.

"Eighth. Respondent further states that after the filing of said petition in said cause as aforesaid, and the personal service upon the defendant, Walker D. Hines, Director General of Railroads, in charge of the operation, management and control of said Union Pacific Railroad, a party defendant, submitted to the court a pleading in the nature of a motion to dismiss said cause of action and to quash the return of the sheriff made thereon, in which motion said defendant alleged that the court had no jurisdiction over the subject-matter of the cause and no jurisdiction to issue any summos for said defendant, Walker D. Hines, in his representative capacity or for said Union Pacific Railroad, and that said action so instituted in the jurisdiction of said court was in direct violation of General Orders No. 50 and 50-A, above referred to, issued by said Director General of Railroads, copies of which orders were attached

38—281 Mo.

to said motion and made a part thereof. That by said action, that is, the filing of said motion to dismiss said cause of action and to quash the return of the sheriff thereon and by reference to matters which, *dehors* the record, constitute a general entry of appearance by said Director General of Railroads as aforesaid, to the jurisdiction of said court and has been held by this Honorable Court on numerous occasions.

"Ninth. Further answering, respondent denies that said action so pending in said circuit court is governed by the provisions of Section 1754, Revised Statutes 1909, entitled 'Suits Against Corporations—Where Commenced,' for the reason that said suit by reason of the substitution and amendment whereby said Director General of Railroads is made a party defendant and as such in charge of the operation, management and control of the Union Pacific Railroad, is not a suit against a corporation, but is a proceeding commenced under Section 8663 of the United State Compiled Statutes, Annotated 1916, against a receiver or receivers or other persons charged with the duty of the management and operation of the business of a common carrier. That said Director General of Railroads under the acts of Congress and the proclamation of the President of the United States is a receiver or other person in a representative capacity charged with the duty of the management and operation of the business of a common carrier and is therefore subject to personal service as by the statutes of Missouri in such cases made and provided.

"Tenth. Further answering, respondent states that the said Director General of Railroads has attempted by said General Orders 50 and 50-A, heretofore issued, and above referred to, to state when and how and upon whom process of a state court may be served in actions wherein said Director General of Railroads is a party defendant; that said orders of said Director General of Railroads in so far as they attempt to designate a different manner of service of process than is set out in the statutes of the State of Missouri, are void and

of no effect, as they attempt to set aside and nullify the expressed statutory law of the State of Missouri regarding the venue of actions and the service of process therein and amounts to a denial of due process of law as guaranteed by both the Federal and State Constitutions. That. said orders of said Director General of Railroads in so far as they attempt to provide for service of process as above set forth, amount to legislative enactment by said Director General of Railroads regarding the venue and jurisdiction of state courts and are therefore void and of no effect.

"Wherefore, having fully answered herein, respondent prays that the temporary order of prohibition be dissolved; that the Circuit Court of the City of St. Louis, Missouri, and the said John W. Calhoun, presiding judge of Division No. 1 thereof, be ordered to further proceed with the cause of action herein prohibited, and that this respondent be discharged hence with his costs."

Relator thereupon filed its motion for judgment on the pleadings and upon the record as thus made the case is pending for decision.

As we view the record the only proposition presented for our determination is the proper construction of Section 1754, Revised Statutes 1909. It reads as follows:

"Suits against corporations shall be commenced either in the county where the cause of action accrued, or in case the corporation defendant is a railroad company owning, controlling or operating a railroad running into or through two or more counties in this State, then in either of such counties, or in any county where such corporation shall have or usually keep an office or agent for the transaction of their usual and customary business."

*Venue.*

It is conceded by the pleadings that the Union Pacific Railroad Company has no line of road running into or through the city of St. Louis, or into any other county of the State, except the County of Jackson, and that it has no office or agent in the city of St. Louis for the transaction of its "usual and customary business,"

unless the Director General of Railroads may be considered such an agent. Clearly he is not such an agent, for he has no office where the usual and customary business of the company is transacted in the City of St. Louis, nor does he transact any of such business for the company in said city.

The *usual and customary* business of a railroad company consists in the receipt of freight and passengers, at various points on its road and to transport and deliver them at other points thereon, and to issue bills of lading, the sale of tickets, and keeping the books and accounts of the company relating to such business transactions. There is nothing in this statute lending color to the contention that the Director General has anything in the world to do with such business. It is done by various local agents and employees, wherever that road transacts such business.

The Director General is performing an extraordinary business, that of managing and controlling the operation of all the railroads in the United States, the Union Pacific included. Should it be

**Director General.**

conceded that the amendment of the petition making the Director General was the same as the institution of a new suit against him, yet that fact alone would not authorize the service of summons on him, in the City of St. Louis, under said Section 1754, for the obvious reason that the Act of Congress of April 22, 1908, known as the "Employers' Liability Act," provides that the term "common carrier," as used in said act, should include a receiver or receivers, or other persons or corporations charged with the duty of the management and operation of the business of a "common carrier." If we take the language of the act literally, and according to its clear meaning, and concede that the Director General became, by the amendment of the petition, substituted for, and in lieu of the Union Pacific Railroad Company, yet it cannot be logically contended from that fact that he could be sued when the company could not be sued, prior to the date when the road passed into the hands of the Director General. It must

be admitted that prior to the date when the defendant company passed into the hands of the Director General, it could not have been sued in this case in the City of St. Louis, and there is no language in said Section 1754, nor in said Act of Congress, extending to the plaintiff the right to institute this suit in a county where, he had no such right prior to the time the Director General took charge of the road. His duties and liabilities are just as broad territorially and otherwise, as the road itself was, prior to that date.

This view of the case reduces the other questions presented by counsel to academic propositions, and we will not pass on them until we reach them, in a proper case.

The orders made by the Director General, heretofore referred to, cannot be so construed as to oust any court of this State of the jurisdiction of the subject-matter of any action over which the laws thereof give it jurisdiction, and should this suit have been brought in the Circuit Court of Jackson County, then service could have been had upon the person of the Director General, could he have been found there. This service, however, would have been under Section 1751, Revised Statutes 1909, not under Section 1754. But in my opinion, the orders referred to are enabling orders and not disabling in character; that is, they were designed to give the courts jurisdiction over the person of the Director General, by proper service, in those courts where they have jurisdiction of the subject-matter of the suit, but where the laws make no provision for the service of summons on the person of the Director General, for instance. In my opinion this suit under the orders mentioned might have been brought in Kansas City, or in proper court in the State of Wyoming, and service had upon the Director General anywhere he might be found in the United States, otherwise the orders are wholly impotent and meaningless; but as this suit was not brought in Jackson County where the defendant transacted its ordinary business, the preliminary writ heretofore issued is made permanent. All concur.