### CHAMBERS, WATSON & WILSON v. HINES, Director General of Railroads, et al.    (No. 6429.)

(Court of Civil Appeals of Texas.    San Antonio.    Oct. 20, 1920.    Rehearing Denied Nov. 17, 1920.)

1. Corporations ☞388(2) — Corporation, by pleading ultra vires, could not escape delivery of government bonds bought for employés by money withheld from salaries.

If a railroad corporation, to assist the federal government, advanced on behalf of its employés subscription money for bonds issued by the government in time of war, under an agreement that certain sums should be withheld from monthly salaries until the amount due on the employés' subscriptions had been paid, the railroad corporation, under a plea of ultra vires, could not escape delivery of the bonds to the employés after they had been paid for.

2. Railroads ☞5½, New, vol. 6A Key-No. Series—Federal control no hindrance to suit for conversion.

That a railroad is in the hands of the government is no defense against an action, under U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j, and a suit for unlawful conversion of property may be brought directly against the Director General of Railroads; such suit being in no sense a suit against the federal government.

3. Railroads ☞5½, New, vol. 6A Key-No. Series—Federal Director General alone held suable for conversion.

Petition against federal Director General of Railroads and receiver of a railroad for conversion of government bonds paid for by the owners, employés of the railroad, through monthly deductions from salary, *held* to state a cause of action against the Director General alone, and not to show the liability of the receiver.

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by Chambers, Watson & Wilson against Walker D. Hines, Director General of Railroads, and another. From judgment for defendants, plaintiffs appeal. Judgment as to the unnamed defendant affirmed, as to the named defendant reversed, and cause remanded.

Chambers, Watson & Wilson, of San Antonio, for appellants.

Dabney & King, of Houston, and Cobbs, Blankenbecker & Wiggin, of San Antonio, for appellees.

FLY, C. J. Appellants sought to recover the sum of $400 from Walker D. Hines, Director General of Railroads, and James A. Baker, receiver of the International & Great Northern Railway Company, alleging that Hines was engaged in operating the railway, and Baker was its receiver; that certain bonds of the United States, belonging to B. E. Nurnburg, John Rodgers, and C. T. Seffel, were in the possession of the master mechanic of the railway company, which it may be inferred, though not directly alleged, to be held until sufficient had been taken out of their wages to pay for such bonds, and that such sums had been paid. It was alleged that the bonds had been assigned by the owners to appellants, and that they had been converted by appellees, their agents and employés, to their own use and benefit. The court sustained a general demurrer filed by the receiver, and three certain special exceptions filed by the Director General.

The special exceptions are to the effect that the suit could not be maintained against the Director General, because he was acting as an agent of the federal government, and it was not alleged that the government had authorized the suit and that the allegations do not show any liability of the railroad as a common carrier, and that appellants should go into the Court of Claims of the United States for redress.

Section 10163, Barnes' Code U. S. (U. S. Comp. St. 1918, U. S. Comp. St. Ann. Supp. 1919, § 3115¾j), authorizes the same suits against railroads while under federal control as could be brought against them as common carriers at any other time. It follows that federal control does not figure in the case, but the same rules would apply as when railroads are in control of the owners. So we eliminate the matter of federal control from the case. The question would then arise: Can a railroad company be held liable for the conversion of bonds, in some manner not explained, coming into its possession. The allegation is that the bonds belonged to certain parties, that they were in the possession of the corporation, and that the corporation, its agents and

---

employés, had converted the bonds to their own use.

[1-3] If the bonds were obtained under a legal agreement, the party from whom they were obtained will be aided by the courts to regain possession of the bonds although the contract was ultra vires. In other words, if it should appear that the corporation, in an effort to assist the federal government, advanced the money for the bonds, issued in time of war, under an agreement that certain sums should be withheld from the monthly salary until the amount due on the bonds was paid, the corporation under a plea of ultra vires could not escape delivery of the bonds to the owners. Elliott on Railroads, §§ 369–372, and numerous decisions cited in note. It would be injustice of the rankest and most indefensible character to permit a corporation to obtain all the benefits of a contract, and, as in this instance, receive the money for the bonds, and keep the bonds, and shelter itself behind a plea of ultra vires, in order to appropriate the property of its employés. Central Transportation Co. v. Pullman's Palace-Car Co., 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55. As said in that case, the contract may have been invalid by which the property was obtained; but the corporation will not, in equity and good conscience, be permitted to fraudulently appropriate the property of another under a plea of ultra vires. The federal statute puts the railroad, for purposes of a suit, while it is under government control, upon the same footing as a common carrier when conducted by its owner. No common carrier will be protected in the unlawful conversion of the property of another, no matter how it obtained possession thereof. Being in the hands of the government is, in the language of the statute, "no defense against an action at law or in equity." The act of Congress authorizes suits to be brought "directly against the Director General of Railroads and not against said corporation." This is not a suit against the federal government in any sense, but against the Director General. The petition states a cause of action as to the Director General, and the special exceptions filed by him should have been overruled. Hines v. Calhoun (Mo.) 220 S. W. 6.

[4] The petition shows a cause of action against the Director General alone, and alleges no facts showing the liability of the receiver. The latter was not in possession of or managing the corporation when the conversion took place, and there was no allegation in the petition that the management and control of the railroad property had been returned to the corporation or receiver. Under the allegations of the petition, the railroad was in the hands of the Director General when the conversion occurred, and was still in his hands when the petition was filed. No attempt was made to amend the petition, so as to allege that the property had been returned to the possession of the receiver. Under the federal statute herein cited, and the allegations, the suit should have been against the Director General alone. The general demurrer of the receiver was properly sustained. Railway v. Long, 219 S. W. 212; Baker v. Bell, 219 S. W. 245.

The judgment as to the receiver is affirmed, but as to the Director General is reversed, and the cause remanded.