C. F. WITHERSPOON & SONS v. POSTAL TELEGRAPH & CABLE CO.

(District Court, E. D. Louisiana, New Orleans Division. May 8, 1919.)

No. 15993.

TELEGRAPHS AND TELEPHONES ☞26¾ New, vol. 7A Key-No. Series—FEDERAL CONTROL—ESTABLISHMENT OF LIABILITY FOR DELAY.

Under the joint resolution of Congress of July 16, 1918, authorizing the President to take over telephone and telegraph systems, a suit for damages was maintainable against a telegraph and cable company for delay in delivering a cable while the company was under federal control; it being proper that plaintiff be allowed to establish his liability against the company despite federal control.

At Law. Action by C. F. Witherspoon & Sons against the Postal Telegraph & Cable Company. On exception of no cause of action to the petition. Exception overruled, and defendant allowed time in which to answer.

D. B. H. Chaffe and Ross E. Breazeale, both of New Orleans, La., for plaintiffs.

Farrar, Goldberg & Dufour and Alfred C. Kammer, all of New Orleans, La., for defendant.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

FOSTER, District Judge. This is a suit for damages alleged to have been caused by delay in delivering a cable. The message was accepted by the company October 30, 1918, at which time, of course, its lines were being operated by the Postmaster General on behalf of the United States. On that ground defendant has filed an exception of no cause of action.

The Postal telegraph lines were taken over by the President, under authority of the joint resolution of Congress of July 16, 1918, by his proclamation of July 22, 1918. The proclamation directs that the supervision, possession, control, and operation of the telegraph and telephone systems shall be exercised by and through the Postmaster General, and that the said Postmaster General may perform his duties through the owners, managers, board of directors, receivers, officers, and employés of said telegraph and telephone systems. The proclamation further provides that the—

"employés of the various telegraph and telephone systems shall continue the operation thereof in the usual and ordinary course of the business of said systems, in the names of their respective companies, associations, organizations, owners or managers as the case may be."

Neither in the joint resolution nor the proclamation of the President is there a provision similar to section 10 of the Act of March 21, 1918, c. 25, 40 Stat. 456 (Comp. St. 1918, § 3115¾j), taking over the railroad systems of the country. It seems to me, however, that it was the intention of Congress, in authorizing the President to take over the lines, that the companies should go ahead with private business the same as theretofore. This would contemplate the institution and defense of suits. If the company is allowed to take and send private messages, there should be some method of holding it liable for damages occasioned through negligence, notwithstanding the Postmaster General had the direction and control of the company. See Postal Tel. & Cable Co. v. Call, Dist. Judge, 255 Fed. 850, —— C. C. A. ——.

The joint resolution provides for just compensation to the companies and the method of settling disputes as to same between them and the government. If the companies are held for damages occasioned while under government control, compensation will certainly extend to reimbursement. In the meantime litigants should not be delayed in liquidating their claims. Therefore I think it proper that the plaintiff in this case should be allowed to establish his liability against the company, if there is any. Delay in the trial of the case may result in hardship to either side.

The exception will be overruled, and the defendant allowed 10 days in which to answer.