DAMPSKIBS ACTIESELSKABET SANGSTAD et al. v. HUSTIS.

(District Court, D. Massachusetts. June 6, 1919.)

No. 1652.

SHIPPING ☞3½, New, vol. 8A Key-No. Series—JURISDICTION OF ADMIRALTY—SUIT AGAINST RAILROAD UNDER FEDERAL CONTROL.

Under Federal Control Act March 21, 1918, § 10 (Comp. St. 1918, § 3115¾j), and General Orders Nos. 50 and 50A thereunder, a suit in admiralty may be maintained against the Director General of Railroads upon a cause of action existing against a railroad company while under federal control.

In Admiralty. Suit by the Dampskibs Actieselskabet Sangstad and others against James H. Hustis, receiver. On exceptions to libel and motion to amend. Exceptions overruled, and motion granted.

Storey, Thorndike, Palmer & Dodge, of Boston, Mass., for libelants.
Henry F. Hurlburt and Hurlburt, Jones & Hall, all of Boston, Mass., specially for respondent.

MORTON, District Judge. The intention underlying section 10 of the Railroad Act of March 21, 1918 (40 Stat. 456, c. 25 [Comp. St. 1918, § 3115¾j]), is clear. It was that the railroads, although under federal control, should continue to be subject to all legal liabilities, enforceable in the ordinary way as if federal control did not exist, except that attachment on mesne process and levy on execution were forbidden. Senator Smith, of South Carolina, reporting the bill to the Senate, said:

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Section 10 provides that, so far as not inconsistent with federal control, each of the carriers shall remain subject to all laws and liabilities whether arising under statutes or at common law."

Mr. Sims, in reporting the bill to the House of Representatives, said:

"Sections 8 and 10 need no explanation."

Strictly speaking, a suit in admiralty is neither an action at law nor a suit in equity (In re Louisville Underwriters, 134 U. S. 488, 10 Sup. Ct. 587, 33 L. Ed. 991); but admiralty suits are so few compared with the total number of suits and actions brought, and come so little to the attention of the lawyer in general practice, that they are often disregarded, and the expression "actions at law and suits in equity" would ordinarily be understood to cover all civil proceedings. I entertain no doubt that it was so used by Congress in section 10.

Moreover, by section 10 a very considerable power is given to the President, and in Orders 50 and 50A suits in admiralty are expressly included. Taking the statute and orders together, I rule that the suit is maintainable against the Director General.

The motion to amend is allowed. The exceptions to the libel, based on alleged lack of jurisdiction, are overruled.