VICKSBURG, S. & P. RY. CO. et al. v. ANDERSON–TULLY CO.

(Circuit Court of Appeals, Fifth Circuit. December 10, 1919. Rehearing Denied January 19, 1920.)

No. 3388.

1. COMMERCE ⬅92—SUIT TO ENFORCE AWARD OF INTERSTATE COMMERCE COMMISSION; JURISDICTION.

Where the tracks of a railroad company stopped across the Mississippi river from Vicksburg, but its trains and their crews, except the engines and engine crews, were transferred by boat across the river, and by arrangement with another company were hauled by the latter over its tracks to the Vicksburg terminal, used jointly by the two companies, the District Court of the Southern District of Mississippi *held* to have jurisdiction of a suit against it to enforce an award of damages to a shipper by the Interstate Commerce Commission, under Interstate Commerce Act, § 16, as amended by Act June 18, 1910, c. 309, § 13 (Comp. St. § 8584[2]), giving jurisdiction to the District Court of any district "through which the road of the carrier runs."

2. COMMERCE ⬅92—SUIT TO ENFORCE AWARD OF INTERSTATE COMMERCE COMMISSION; JURISDICTION.

The provision of Act Oct. 22, 1913, c. 32 (Comp. St. § 994), that "the venue of any suit to enforce, suspend or set aside * * * any order of the Interstate Commerce Commission shall be in the judicial district wherein is the residence of the party * * * upon whose petition the order was made," applies only to the class of cases jurisdiction of which was transferred from the Commerce Court, thereby abolished, and does not by implication repeal Interstate Commerce Act, § 16, as amended by

Act June 18, 1910, c. 309, § 13 (Comp. St. § 8584[2]), conferring jurisdiction on District Courts of suits to enforce awards of money reparation to shippers, of which the Commerce Court was never vested with jurisdiction.

3. RAILROADS ⬤➤24(1)—SERVICE ON AGENT OF RAILROAD UNDER GOVERNMENT CONTROL SUFFICIENT.

That the person on whom service of summons was made in a suit against a railroad company was at the time an employé of the government railroad administration, then in control of defendant's road, did not prevent him from being at the same time an agent of defendant on whom service might properly be made.

4. PLEADING ⬤➤34(6)—SUFFICIENCY OF COMPLAINT; WAIVER OF DEFECTS.

If a complaint, not demurred to, sets out a cause of action, however imperfectly, it will withstand objection first made after judgment.

5. COMMERCE ⬤➤94 — SUIT TO ENFORCE AWARD OF INTERSTATE COMMERCE COMMISSION; PLEADING.

In a suit against a railroad company, under Interstate Commerce Act, § 16, as amended by Act June 18, 1910, c. 309, § 13 (Comp. St. § 8584[2]), to enforce an award of damages made to a shipper by the Interstate Commerce Commission, a complaint is sufficient which sets out the findings of the commission and its order, which are by the statute made prima facie evidence of the facts therein stated.

6. COMMERCE ⬤➤95—SUIT TO ENFORCE AWARD OF INTERSTATE COMMERCE COMMISSION; EVIDENCE.

In a suit to enforce an award of damages made to a shipper by the Interstate Commerce Commission, the introduction in evidence of the findings and order of the commission is sufficient to entitle plaintiff to judgment, in the absence of any evidence on behalf of defendant.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Suit by the Anderson-Tully Company against the Vicksburg, Shreveport & Pacific Railway Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

S. W. Moore, of Kansas City, Mo., and J. M. Souby and John C. Theus, both of Monroe, La., for plaintiffs in error.

R. G. Brown, of Memphis, Tenn., for defendant in error.

Before WALKER, Circuit Judge, and FOSTER and GRUBB, District Judges.

GRUBB, District Judge. This is a writ of error to a judgment of the District Court for the Southern District of Mississippi in favor of the defendant in error (plaintiff below) and against the plaintiffs in error (defendants below) rendered in a suit brought by the plaintiff as a shipper against the defendants as common carriers upon an award of reparation of the Interstate Commerce Commission, in favor of the plaintiff and against the defendants.

Three objections to the correctness of the judgment are presented by the appeal: (1) As to the jurisdiction of the District Court for the Southern District of Mississippi. (2) As to whether the complaint sets out a cause of action. (3) As to whether the proof supported the judgment.

[1] 1. The jurisdiction of the District Court was timely challenged upon two grounds: (a) That there was no venue in the district where

the suit was brought; and (b) that there was no service upon the defendant the Vicksburg, Shreveport & Pacific Railway Company.

(a) The sixteenth section of the Act to Regulate Commerce, approved February 4, 1887 (24 Stat. 384, c. 104 [Comp. St. § 8584]), together with its various subsequent amendments, provided that, if a carrier should not comply with an order of the Interstate Commerce Commission for the payment of money within the time set in the order, the plaintiff might sue for the enforcement of the order in any Circuit (District) Court of the United States in which he resided, or in which was located the principal operating office of the carrier, or through which the road of the carrier runs, or in any state court of general jurisdiction having jurisdiction of the parties. Jurisdiction was invoked by the plaintiff upon the theory that the road of the defendant the Vicksburg, Shreveport & Pacific Railway Company ran through the Southern district of Mississippi. This was disputed by the defendants. The facts relating to it stipulated in the record are as follows: The Vicksburg, Shreveport & Pacific Railway Company operated a line from Shreveport to Vicksburg, as a common carrier of passengers and freight. Its own rails stopped at Delta, La., across the Mississippi river from Vicksburg. Its trains were transferred by ferryboat across the river. Its engines and engine crews went no further east than Delta. Its passenger coaches and train crews crossed the river to the terminal at Vicksburg. Its trains, after they had reached the east side of the river, were handled by the engines of the Alabama & Vicksburg Railroad Company between the transfer boat and the Vicksburg terminal, and vice versa. It had an arrangement with the Alabama & Vicksburg Railroad Company for the handling of its trains by the engines and engine crews of the latter, and for a joint use with it of the Vicksburg terminal. It also had a contract with the corporation which handled the ferryboat for the handling of its cars over the river. In view of these facts, we think the instrumentality through which the business of the Vicksburg, Shreveport & Pacific Railroad Company, as a carrier, was conducted, viz. the transfer boat and the tracks and terminal of the Alabama & Vicksburg Railroad Company, were well held to be a part of the road of the Vicksburg, Shreveport & Pacific Railway Company. Ownership of them was not essential, and the word "road" includes other instruments than tracks. If the defendant, in order to conduct its business as a carrier of passengers, made use of instrumentalities other than railroad track, and owned by others than defendant, but which it had the contractual right to use in its business, and which were located in the Southern district of Mississippi, this was enough to show venue in the District Court of that district. The stipulation shows that such was the case.

[2] The plaintiff in error contends that section 16 has been repealed by implication by Act Oct. 22, 1913, c. 32, 38 Stat. 219, which abolished the Commerce Court, and which provided that—

"The venue of any suit * * * to enforce, suspend, or set aside, in whole or in part, any order of the Interstate Commerce Commission, shall be in the judicial district wherein is the residence of the party or any of the parties upon whose petition the order was made." Comp. St. § 994.

The purpose of the act of October 22, 1913, was to abolish the Commerce Court and to redistribute its jurisdiction. The act of October 22, 1913, provides that—

"The jurisdiction vested in said Commerce Court by said act is transferred to and vested in the several District Courts of the United States, and all acts or parts of acts, in so far as they relate to the establishment of the Commerce Court, are repealed." Comp. St. § 992.

The Commerce Court was never vested with jurisdiction to enforce awards of money reparation made by the Interstate Commerce Commission in favor of shippers. Legislation, the design of which was only to abolish the Commerce Court, should not be held to change by implication a procedure that related exclusively to courts other than the Commerce Court. The venue fixed by the act of October 22, 1913, of suits brought to enforce, suspend, or set aside orders of the Interstate Commerce Commission, is limited to suits to enforce, suspend, or set aside orders of the commission which the Commerce Court had been vested with jurisdiction of, and which did not include reparation order suits. The limitation as to venue should be held to apply only to the class of cases jurisdiction of which was transferred from the Commerce Court to the District Courts by the terms of the act of October 22, 1913.

[3] (b) It is contended that the defendant the Vicksburg, Shreveport & Pacific Railway Company was not properly served. The return of the marshal is that the summons was:

"Executed by handing a true copy of this summons and petition for judgment to Austin King, freight agent for the V., S. & P. R. R. Co., Vicksburg, Miss., Dec. 4, 1919."

Plaintiff in error contends that the defendant railroad was then in government operation and control, of which the courts take judicial notice, and hence that the person served was an employé of the government, and not an agent of the carrier. The return is to the effect that, at the time of service, the person to whom the copy was handed was an agent of the defendant railroad company. The return, so long as its recital is unamended, is conclusive of the character of the person served. The fact that King was an employé of the government would not necessarily prevent his being also and at the same time an agent of the carrier, for the transaction of its business, such as the settlement of claims antedating government operation. Section 10 of the act which provides for government control (Act March 21, 1918, c. 25, 40 Stat. 456 [Comp. St. 1918, § 3115¾j]) prescribes that—

"Actions at law or suits in equity may be brought by and against such carriers and judgments rendered as now provided by law."

This would seem to authorize suits on causes of actions against the carriers themselves to be brought on service upon former agents of the carrier who continued to be agents of the government under its operation.

[4, 5] 2. The complaint is criticized because it does not charge that the rate was unreasonable in fact. No demurrer was interposed to it, and objection was first made to it after judgment. If the complaint

sets out a cause of action, no matter how imperfectly, it will withstand objection first made after judgment. The action sued on is a specific one, created by the Act to Regulate Commerce. Section 16 of that act provides that, if the carrier does not comply with an order for the payment of money within the time limit set in the order, the complainant may file in the Circuit (District) Court of the United States a petition setting forth briefly "the causes for which he claims damages and the order of the commission in the premises." It also gives to the award and order of the commission the force of prima facie evidence of the facts contained in it. The purpose of the action is the enforcement of the award. In view of the peculiar nature of the action we think that a complaint which sets out the findings of the commission and its order, and claims damages due the plaintiff under it, was sufficient to withstand objection made for the first time after judgment that it showed no cause of action. The finding of the commission that the rate was unreasonable was made prima facie evidence of that fact. The plaintiff, to sustain his complaint, was required to offer no evidence, except the award and order of the commission. His averment was as broad as his proof was required to be. The action was a statutory one, to enforce the award of the commission, and by the statute proof of the award of the Commission was prima facie sufficient to sustain the plaintiff's case. The statute requires the petition merely to set out the causes for which the plaintiff claims damages and the order of the commission in the premises. The defendants had full information from the complaint as to the cause of action they were required to meet. Technical rules of common-law pleading are inapplicable to the statutory form of action created by the Act to Regulate Commerce for the enforcement of order of the commission.

[6] 3. The plaintiff in error contends, also, that the evidence does not support the judgment. The case was tried by the District Judge, a jury having been waived. The District Judge was not requested to make special findings, and did not make any. The general finding of the District Court has the effect of the verdict of a jury, and the judgment upon it is subject to review only because of errors of law, based on rulings of the court, which were excepted to during the progress of the trial. No rulings of law were invoked by the plaintiff in error during the trial, or excepted to, nor were there any exceptions to the rendition of judgment. The ruling of the court below on the motion for a new trial, to the denial of which the defendants did except, is not reviewable in the federal court.

We may say, however, that the court properly rendered judgment for the plaintiff in view of the state of the record. The judgment recites that the plaintiff offered the award and order of the commission, and rested, and that the defendants introduced no evidence. The act of Congress gives to the award and order of the commission prima facie effect, and it does this, regardless of the correctness or incorrectness of the findings of the commission. The defendants are not permitted to destroy this prima facie effect by internal criticisms of the commission's findings. The defendants have the right to overcome the prima facie effect of the findings of the commission in a suit

to enforce the award in the District Court only by offering evidence in that court tending to impeach their correctness. If the defendants offer no evidence to rebut the prima facie case made by the plaintiff's introduction of the award and order of the commission, then the District Court has nothing to do but apply the statute and render judgment for the plaintiff on the unrebutted prima facie case made by him. The act of Congress provides that—

"On the trial of such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated." Comp. St. § 8584(2).

The unreasonableness of the rate and the amount of plaintiff's damage caused thereby were found by the commission. The introduction of the award and order of the commission showed prima facie that the rate was unreasonable and that the plaintiff was injured thereby to the extent of the award. If the defendants declined to introduce evidence to rebut the plaintiff's case so made, the District Judge had no alternative than to render judgment. He did not rule that defendants could not rebut the prima facie case made by plaintiff, but that they had not done so, and, not having done so, that he was required to treat the plaintiff's prima facie case, which was unrebutted, as entitling the plaintiff to a judgment.

The judgment of the District Court is affirmed.