JOHN H. RIPPE *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

November 18, 1889.

Fence—Railway in Street.—Where a railroad occupies a public street in a city or village, subject to the public easement, it is not entitled to fence its track, and thereby obstruct the street, and interfere with its use.

Plaintiff had judgment for $49.85 in justice's court for the killing of his cow on defendant's unfenced track in the village of Brownsville. The defendant appealed, on questions of law only, to the district court for Houston county, where the cause was heard by *Farmer*, J., and the justice's judgment was affirmed, and the defendant appealed to this court.

*W. H. Harries* and *John T. Fish*, for appellant.

*James O'Brien*, for respondent.

*By the Court.* Upon the record in this case the plaintiff is not, we think, shown to be entitled to recover. At the place where the plaintiff's cow was injured by one of defendant's engines in the village of Brownsville, and for a considerable distance each way, its railway is laid in the street, as clearly appears from the town-plat and other evidence introduced on the trial. The street, as shown on the plat, does not appear to have been vacated, and for the purposes of this case the track must be presumed to be lawfully there. No issue or question is made in the case in that matter. It would seem to be a case where a public street is jointly occupied by the public and the company, though the public travel, as would naturally be the case, goes to the side most convenient, and where there is the most room. We are not warranted in holding that the defendant has acquired an exclusive right to a definite portion of the street, so that it would have a right to divide the street by a fence so as to cut off all approach to the other side of the street except at cross-streets. The plaintiff claims that the railway might be fenced without seriously obstructing it, but he admits that the fence would be erected in the street, and that, if it were built 12½ feet from the centre of the track, allow-

ing sufficient space to operate the road, the roadway left for the public would remain only 15 to 25 feet in width.    Other witnesses make it still less.    It is manifest that in any event a fence as proposed in the street would amount to an obstruction which it does not appear that the defendant would have a right to make, and the evidence presumptively, we think, brings the case within the implied exceptions to the statutory rule requiring fences.

Judgment reversed.