[Civ. No. 2007. Second Appellate District.—September 18, 1916.]

## EDNA R. BELLINGER, Respondent, v. JAMES B. HUGHES et al., Appellants.

NEGLIGENCE—COLLISION OF PEDESTRIAN WITH AUTOMOBILE—ERRONEOUS INSTRUCTION—CONTRIBUTORY NEGLIGENCE.—In an action to recover damages for personal injuries received by a pedestrian as the result of a collision with an automobile while crossing a city street over which a street-car was then passing, it is prejudicial error to instruct the jury, without any qualifications whatever, that "If an automobile driver, not being able to see a street crossing which he is approaching because of a passing street-car, instead of stopping his machine, merely changes its direction so as to go around the car and in doing so comes suddenly upon and runs into and injures a person, he is guilty of gross negligence, and is liable for all damage proximately caused thereby," where the answer alleges contributory negligence, and there is evidence supporting the claim that plaintiff had her eyes turned away from the automobile, the approach of which she had noticed, and that she stepped back to escape collision with a passing motorcycle.

ID.—NEGLIGENCE—WHEN QUESTION OF LAW.—It is only where the undisputed facts are such as to leave but one reasonable inference, and that of negligence, that the court is justified in taking the question from the jury.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Grant Jackson, Judge.

The facts are stated in the opinion of the court.

C. J. Willett, for Appellants.

G. A. Gibbs, and Elliot Gibbs, for Respondent.

SHAW, J.—Action to recover damages for personal injuries. Judgment was rendered for plaintiff, from which, and an order denying defendant's motion for a new trial, he prosecutes this appeal.

The injury, damages for which are sought, was the result of a collision between an automobile operated by defendant Hughes and plaintiff while she was crossing from the north side of Colorado Street, in Pasadena, to the south side there-

of, at a point along the east line of Los Robles Avenue which at right angles intersects Colorado Street. The record here presented is not only meager, but to a large extent unintelligible, by reason of the fact that a map or plat, not brought up in the record, was used by witnesses, who pointed out thereon positions and places knowledge of which is necessary to a proper understanding of the relation of the parties to the location where the injury occurred. But to the court this evidence, without the map, is meaningless.

Numerous errors are assigned, only one of which, however, we deem necessary to consider, as upon this we are of the opinion that the judgment and order must be reversed. This error consists in giving to the jury, without qualification thereof, an instruction numbered 17, as follows: "If an automobile driver not being able to see a street crossing which he is approaching because of a passing street-car, instead of stopping his machine merely changes its direction so as to go around the car and in doing so comes suddenly upon and runs into and injures a person, he is guilty of gross negligence and is liable for all damage proximately caused thereby." It appears that a street-car track was maintained along Colorado Street west of Los Robles Avenue, which at the intersection was extended in a southerly direction along the latter street. Immediately before the time of the injury a street-car operated upon said line was on the track at a point just west of the line of Los Robles Avenue and about to turn southerly into said avenue, when plaintiff, who was crossing Colorado Street, and had reached a point therein about half or two-thirds of the way between the street-car tracks and the curb, saw the automobile on the south side of Colorado Street and near the west line of Los Robles Avenue. She testifies that this automobile appeared to be held up by the street-car, which was about to turn in front of it into Los Robles Avenue, or for other reasons had slowed down. At all events, she says she was sure, since the street in front of her over which she was crossing was clear, that she had time to reach the south curb line thereof before the automobile would reach the line of her travel in effecting the crossing. When eight or ten feet from the south curb line of Colorado Street she was struck by the motor car and knocked down. There is evidence, though contradicted, tending to show that plain-

tiff at the time she was struck by the automobile was facing east—that is, in the direction in which the automobile was going—and when "she got just beyond the tracks that are in the center of the street she got out of the way of a passing motorcycle." Plaintiff testified that she "saw the automobile plain enough" when it was approaching just back of the street-car. As to whether any signal was given by the operator of the automobile by horn or bell, and as to the speed at which it was operated—whether rather fast, as testified to by one witness, moderate speed, or slowly, as testified by others—the evidence is likewise conflicting.

The answer alleged contributory negligence on the part of the plaintiff, and since there was evidence which, if believed by the jury, would establish such fact, the question as to whether or not plaintiff was guilty of contributory negligence which constituted the proximate cause of her injury, should have been submitted to the jury for determination; and had it so found, this court could not have disturbed such verdict. The claim, as to which there was a conflict of evidence, that plaintiff had her eyes turned away from the automobile the approach of which she had noticed, and that she stepped back to escape a collision with a passing motorcycle, if believed, might justify a conclusion of negligence on the part of plaintiff. And her own testimony to the effect that the distance between the line upon which she was crossing the street and the approaching automobile was little more than the intervening space of Los Robles Avenue (width, however, not shown), might be deemed well calculated, if believed by the jury, to constitute a sufficient warning to her of danger from which, by the exercise of ordinary care, she could escape. Reasonable minds might have differed as to whether or not, under the circumstances, she was justified in concluding that the motor would not continue its progress, and as to whether she should not at least have looked in the direction of the approaching automobile, and this even though no sound of the horn or other signal was given. "The fact of negligence is generally an inference from many facts and circumstances, all of which it is the province of the jury to find." (*Schierhold* v. *North Beach & M. R. R. Co.*, 40 Cal. 453.) In *Davis* v. *Pacific Power Co.*, 107 Cal. 563, 575, [48 Am. St. Rep. 156, 40 Pac. 952], it is said: "It is only where the undisputed facts are such as to leave but one reasonable

inference, and that of negligence, that the court is justified in taking the question from the jury.'' Where either negligence is set up as a cause of action or contributory negligence pleaded as a defense, it seldom happens that the question is so clear from doubt that the court can undertake to say as a matter of law how the jury should find upon such issues. It is apparent, we think, that plaintiff relied upon the course of the automobile being obstructed by the street-car which she had reason to think was about to turn into Los Robles Avenue ahead of the automobile. Whether an inference of negligence on the part of the plaintiff in not further watching the approach of the automobile was justified depended upon whether she was justified in this reasoning. As said in *Johnson* v. *Thomas,* 5 Cal. Unrep. 256, [43 Pac. 578]: "It was certainly an inference upon which minds might well differ, and hence proper to be submitted to a jury, under proper instructions.'' The evidence shows that the position of the street-car was such as to partially at least obstruct the automobile driver's view of the street crossing, and that he did not see the plaintiff until after his automobile had passed the street-car, when he came suddenly upon plaintiff, which facts bring the case directly within the instruction given. Nevertheless, if the jury were satisfied that plaintiff was guilty of contributory negligence which was the proximate cause of her injury, she was not entitled to recover. In effect, the jury was told to disregard all evidence tending to prove contributory negligence on the part of plaintiff, and in effect took from it the consideration of all evidence tending to show negligence and carelessness on her part. Such we do not conceive to be the law. Whether such act on the part of the automobile driver would constitute negligence and render him liable for damages caused by a collision, would depend upon the degree of care required in the operation of his machine, and this in turn would depend upon the dangerous character of the machine, its size, weight, the speed at which it was operated, the noise it made, condition of the streets, and other conditions which might be mentioned. (*Simeone* v. *Lindsay,* 6 Penne. (Del.) 224, [65 Atl. 778].) Whether plaintiff was warranted, after she saw the approaching automobile a short distance away, knowing that it would cross the line of her travel, in not further watching the approach thereof, was a question upon which minds might well differ, and hence it

should have been submitted to the jury. Respondent attempts to justify the giving of this instruction upon the authority of *Gregory* v. *Slaughter,* 124 Ky. 345, [124 Am. St. Rep. 402, 8 L. R. A. (N. S.) 1228, 99 S. W. 247], the syllabus of which reads as follows: "The driver of an automobile is guilty of gross negligence in driving his car at high speed across the intersection of two much used streets and around the end of a street-car which obstructs his view of the crossing, so that upon finding a pedestrian directly in the path of the car he cannot avoid a collision with him." There is no evidence here, however, that the intersection of Colorado Street and Los Robles Avenue was a *much used* street. On the contrary, it might be that it was seldom traveled or crossed. Nor does the evidence show that the defendant ran his automobile around the end of the street-car, and the evidence cannot as a matter of law be said to justify the conclusion that the car was being driven at a *high rate* of speed, or at other than a moderate rate of speed.

It is true that the court elsewhere in the instructions told the jury that even though it found defendant guilty of negligence in managing the automobile, its verdict must be in his favor if they found that plaintiff was guilty of negligence constituting the proximate cause of the injuries received; and also told them that if plaintiff in the exercise of ordinary care, by looking or listening, might have observed the automobile approaching, and did not exercise such care, she was guilty of negligence which would prevent her recovery. Instruction No. 17, however, was given without any qualifications whatever, and it is impossible to reconcile it with other instructions. The evidence tended clearly to show the facts upon which the jury were therein told that defendant was guilty of gross negligence and liable for damages, and was well calculated to mislead the jury in arriving at its verdict. Under these circumstances, our conclusion is that it constitutes prejudicial error.

The judgment and order appealed from are, therefore, reversed.

Conrey, P. J., and James, J., concurred.