CHARLES PALYO, AS ADMINISTRATOR OF THE ESTATE OF NICHOLAS PALYO, DECEASED v. NORTHERN PACIFIC RAILWAY COMPANY AND ANOTHER.

WALKER D. HINES, DIRECTOR GENERAL OF RAILROADS, APPELLANT.

SAME v. SAME.

NORTHERN PACIFIC RAILWAY COMPANY, APPELLANT.[1]

January 9, 1920.

Nos. 21,530, 21,531.

**Dismissal of railway company as defendant.**

1. The railway company was not entitled to be dismissed upon bringing in the Director General of Railroads as a defendant.

**Railway — fencing statute inapplicable in city street.**

2. A six-year old boy got his toes under the wheels of a train which was moved on tracks laid along a public street. The boy and a companion of the same age were standing in the street, when the latter, in a spirit of mischief, threw the former's cap under the train and pushed him under, when he hesitated to rescue the cap. One of the acts of negligence charged against the company was the failure to comply with the statute requiring its right of way to be fenced. It is *held* that the court erred in charging the jury that this statute was applicable to the locus in quo, and that the burden was on the company to show that public convenience required the right of way kept open.

[1]Reported in 175 N. W. 687.

The statute is not applicable to railway tracks maintained under license from the municipality along a street duly dedicated to public travel and which has never been vacated, following Rippe v. Chicago, M. & St. P. Ry. Co. 42 Minn. 34.

**Judgment notwithstanding.**

3. The defendants were not entitled to judgment notwithstanding the verdict.

Action in the district court for Hennepin county to recover $3,000 for the death of plaintiff's intestate. The answer alleged that the intestate's own negligence caused or contributed to the injuries received by him. The case was tried before Leary, J., who granted the motion to substitute Walker D. Hines, Director General of Railroads, as party defendant in place of the Northern Pacific Railway Company, but denied the motion to dismiss the company therefrom, and a jury which returned a verdict for $2,000. From orders denying their motions for judgment notwithstanding the verdict or for new trials, Walker D. Hines and the Northern Pacific Railway Company took separate appeals. Order denying judgment affirmed; new trial granted.

*Charles Donnelly* and *D. R. Frost,* for appellants.

*George R. Smith, H. Stanley Hanson* and *Leo J. Gleason,* for respondent.

HOLT, J.

Action to recover damages for the death of plaintiff's intestate by the wrongful act of defendants. Verdict for plaintiff, and separate appeals by defendants from the order denying their motions in the alternative for judgment or a new trial.

The action, as originally brought, was against the railway company alone. But the company made a motion to substitute in its place Walker D. Hines, Director General of Railroads, and to dismiss as to it. The court granted the motion to the extent of making the director general a party defendant, but refused to dismiss the company. Both defendants challenge the order. We adhere to the decision in Lavalle v. Northern Pacific Ry. Co. 143 Minn. 74, 172 N. W. 918, until the question is set at rest by the Supreme Court of the United States. Hence the order refusing to dismiss the railway company must be sustained. As to the director

general, he apparently was willing to become a defendant, and the refusal to dismiss the company cannot prejudice him.

The facts in respect to the situation at and in the vicinity of the accident and what is known as to its occurrence may be thus stated: Lowry avenue runs east and west in the northeast part of Minneapolis and a double track street-car is operated thereon. The next parallel street to the north is Twenty-sixth avenue north. Running north and south, and crossing these two streets, is Main street. The defendant railway company operates its two main tracks and one side track along Main street, occupying the whole street. It also owns the lots, save one, abutting Main street between the avenues mentioned. The track is not fenced. On the corner of Twenty-sixth avenue, and a block west of Main street, is a public grade school attended by some 900 pupils. Most of the pupils live to the southeast of the school and across these railroad tracks. In going to and from school those who lived to the southeast, instead of walking along the street passing the school from or to Lowry avenue, went in a southeasterly direction crossing the railroad tracks a few feet north of Lowry avenue. A well-worn path indicated where the main travel was.

Plaintiff's intestate, a boy about six years, called Nicky, was a pupil at this school and his home was east of the tracks. His class was dismissed shortly after two o'clock in the afternoon of March 19, 1918. Nothing further is known of his whereabouts, until about an hour later, when he and another small boy were seen, by two eleven-year old school girls, standing west of and near to the railway tracks. A string of some 14 cars had shortly before been placed some little distance north of the path mentioned on the side track, the most westerly of the three tracks, and then an engine with some ten cars had pulled south across Lowry avenue and was backing north to couple onto the 14 cars. The train crew worked on the east side of the train and did not observe the boys, at least not in close proximity to danger, until after Nicky was hurt. The girls, after they first noticed the boys, seemed to have stopped a few moments to play, and did not again look toward the train till it had moved south and the last car had passed or was passing Nicky. They were then so near that they recognized him and noticed that he was bending over crying and looking at his foot, holding his cap in his left hand. He was close to the side track, in fact they say it appeared as if he jumped up from under

the train. The other boy was then seen a short distance north, running away. When the girls asked Nicky what the matter was he said, pointing to the boy running: "The boy threw his cap under the train and pushed him under it so he would go and get it. That he did not want to go in under." A car-wheel had evidently passed over the toes of Nicky's foot. The injury proved fatal on March 28.

The negligence complained of was failure to fence, starting the train without giving warning, and not taking due care to avoid injuring children of tender years whom defendant knew were, with its acquiescence, then crossing or attempting to cross the track.

Error is assigned on the court's instruction that, under section 4263, G. S. 1913, the railway company was in duty bound to maintain fences along its tracks, unless public convenience required this portion of the road to be kept open, and when it was shown that no fences were here maintained it devolved on the company, in order to escape the charge of negligence, to show that public convenience required it to be kept open. We think the fencing statute not applicable to the locus in quo. Main street is a public street. It has never been vacated. The railway company has a mere license to there maintain tracks and move its cars, but the public retains the right to such use thereof for travel as its occupation by the company makes feasible. It is clear that the company may not cut off access to the street of the person who owns the one abutting lot. And the lots owned by the company may at any time be disposed of, in which event the owners could undoubtedly claim access to the street. Rippe v. Chicago, M. & St. P. Ry. Co. 42 Minn. 34, 43 N. W. 652, is clearly in point to the effect that the section mentioned does not here apply. See also Greeley v. St. Paul, M. & M. Ry. Co. 33 Minn. 136, 22 N. W. 179, 53 Am. Rep. 16; Marengo v. Great Northern Ry. Co. 84 Minn. 397, 87 N. W. 1117, 87 Am. St. 369; 2 Thompson, Com. on Law of Negligence, § 2073. What is said in the Marengo case about the company's obligation to fence its right of way between platted and unopened streets refers to streets crossing tracks, not to tracks laid along a street. For this error there must be a new trial.

A majority of the court are of the opinion that defendants are not entitled to judgment notwithstanding. Although the boys were standing in a public street where they, so far as concerns the railway company, had a

right to be, still it was a question for the jury to what extent the company should have gone, in view of the dangers connected with the operation of cars along a public street, to divert travel therefrom, at least so far as school children are concerned. From the fact that so many children, some of them very young, cut across the company's premises and onto the tracks at no regular street crossing, the jury might well find that it was negligence not to place barriers between the property it owned and Main street. Had such barriers been kept, it is not likely that either these boys or other children from the school mentioned would have attempted to go upon Main street at other places than the regular street intersections. So that, although the fencing statute is inapplicable, it yet remains for the jury to say whether the situation is not such that a duty arose to make reasonable efforts to bar the short cut over the company's premises by fences or other obstructions. The accident happened about the time the school let out and the children would be apt to come in numbers along the path across defendant's premises and across the tracks. Those in charge of the train in question knew that such was the fact. Under such circumstances it became a question for the jury whether the train crew took the proper precaution to prevent harm to these children, who could not be regarded as trespassers, at least not as they came upon the street exposed to the dangers incident to the operation of trains on the tracks laid therein.

Of course, even though the push of Nicky's companion must be regarded as a proximate cause of the injury, it was for the jury to say whether it was the sole cause. "As a general rule it may be said that negligence to render a person liable need not be the sole cause of an injury. It is sufficient that his negligence concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury. So that where two causes combine to produce injuries a person is not relieved from liability because he is responsible for only one of them." 29 Cyc. 496, 497; Griggs v. Fleckenstein, 14 Minn. 62 (81), 100 Am. Dec. 199; Vills v. City of Cloquet, 119 Minn. 277, 138 N. W. 33; Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434.

The order so far as it denies judgment is affirmed, but insofar as it denies a new trial it is reversed and a new trial granted.