## G. A. RINGQUIST v. DULUTH, MISSABE & NORTHERN RAILWAY COMPANY.[1]

February 13, 1920.

No. 21,617.

**Railway liable for negligence when under Federal operation.**

1. An action can be maintained against a railroad company for injury sustained by a fire negligently caused after the railroad was taken over by the President and the director general had assumed charge, following former decisions.

**Plea in abatement — allegation of subrogation not a defense.**

2. In such an action an allegation that the plaintiff had insurance which had been paid by the insurer, not named, to which the insurer became subrogated, is not a defense.

**Same — another action pending.**

3. In such an action it is not a defense that an action for the same cause is pending against the Director General of Railroads.

Action in the district court for St. Louis county to recover $15,000 for destruction of property by fire caused by the negligence of defendant. From an order, Fesler, J., granting plaintiff's motion to strike out certain portions of the answer, defendant railway company appealed. Affirmed.

*Baldwin, Baldwin, Holmes & Mayall,* for appellant.
*Arbold & Arnold,* for respondent.

DIBELL, J.

Action for injury to the plaintiff's property through a fire negligently caused by the defendant. The court, on motion of the plaintiff, struck out certain defenses interposed by the defendant and it appeals.

The defenses stricken, stated shortly, are these:

(1) That prior to the fire the property of the defendant railway

[1]Reported in 176 N. W. 344.

company was taken over by the President of the United States pursuant to authority granted by Congress and that the Director General of Railroads was the only proper party.

(2)   That the property injured by fire was covered by insurance, which had been paid, and that the insurer was subrogated to the cause of action.

(3)   That there was another action pending for the same cause against the Director General of Railroads.

1.   In Lavalle v. Northern Pacific Ry. Co. 143 Minn. 74, 172 N. W. 918, we held that a railway company was subject to suit after it was taken over by the President.   This holding was followed in Gowan v. McAdoo, 143 Minn. 227, 173 N. W. 440.   Subsequent to the submission of the case at bar, we have followed these holdings and have indicated that the question should be deemed at rest until a decision by the Supreme Court of the United States.   Palyo v. Northern Pac. Ry. Co. 144 Minn. 399, 175 N.W. 687.   The case just cited controls this one.   In reaching our conclusion we do not minimize the force of the arguments of counsel for the defendant, nor their claim that the government has taken complete control since the facts arose upon which the earlier cases were based, nor the authorities which they cite.

2.   It does not appear from the complaint that the plaintiff was insured.   The answer alleges on information and belief that he was and that the insurer, not named, paid the loss and was subrogated to the plaintiff's cause of action.   Under our decisions the allegation, considering it in the nature of a plea in abatement, is insufficient because it fails to name the insurer.   See Holden & W. Mut. R. Ins. Co. v. Chicago Great Western R. Co. 120 Minn. 230, 139 N. W. 157, and cases cited.   We are not to be understood as saying that the defendant is under a duty for its own protection to find the insurance company entitled to subrogation, if there be one, and make appropriate allegations in its answer, or to make it a party, nor do we mean to say that the defense would be good in abatement if more specifically pleaded.

3.   The answer alleges that there is another action pending for the same cause brought by the plaintiff against the Director General of Railroads.

The two actions are against two different defendants.   There is no

other action pending against this defendant. The allegation of the answer is not a defense.

Of course it is not right that a plaintiff, having a ground of recovery for a fire loss, after being defeated in his action against the director general, be permitted to recover on precisely the same facts against the railroad, or vice versa, and so have two jury chances; and such a result is wasteful to the public and parties. It is much better that one suit determine the whole controversy. However much the quarrel is as to whether the director general or the railroad should be the defendant, the fact is not disguised that the ultimate payment, if there is a recovery, regardless of which is the defendant, may concern both, and each may be vitally interested in the outcome. The uncertainty as to the proper defendant should not be permitted to prejudice the plaintiff nor should it unduly advantage him. Whether the director general and the railroad, if in harmony, can have a consolidation, or either can bring it about without the other, is not a question here. See Palyo v. Northern Pac. Ry. Co. 144 Minn. 398, 175 N. W. 687.

Order affirmed.