## HANS J. BORSHEIM v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 3, 1921.

Nos. 22,267, 22,268.

**Fire from locomotive.**

1. The evidence sustains a finding that a fire communicated by a locomotive engine of the defendant railroad company mingled with other fires and came to the plaintiff's property and destroyed it, and that the railroad fire was a material element in its destruction and therefore the railroad or the director general was responsible for the damage done.

**No defect of parties.**

2. Upon the record it is *held* that there was not a defect of parties plaintiff because of a failure to join an insurance company which paid a fire loss upon the plaintiff's property.

**Substitution of defendant.**

3. It was not error to refuse to substitute the agent of the President in place of the defendant railway company and to deny the railway company's motion to dismiss. [Vacated after reargument. See 5 below.]

**Government liable for fire loss during Federal control.**

4. The government is liable for a loss occurring by reason of a fire communicated by a locomotive engine of a railway company during Federal control under the statute imposing upon railroads a liability for damages done by a fire so communicated.

AFTER REARGUMENT.

June 29, 1921.

**President's agent should have been substituted as defendant.**

5. Following Missouri Pac. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, and overruling so far as inconsistent Lavalle v. Northern Pac. Ry. Co. 143 Minn. 74, and other cases cited in paragraph 3, the former

1Reported in 183 N. W. 519.

decision holding, as stated in paragraph 3, that it was not error to refuse to substitute the agent of the President for the railroad company and to dismiss the company is vacated, and it is *held* that the agent of the President should have been substituted for the railroad company and the company dismissed from the action.

Action in the district court for St. Louis county to recover $7,080 for destruction of property caused by fire from defendant company's locomotive. The case was tried before Fesler, J., who at the close of the testimony denied defendants' separate motions to dismiss the action on the grounds that plaintiff had failed to establish a cause of action against either defendant, that there was a defect in parties plaintiff, and their motion for a directed verdict on the ground that plaintiff had failed to establish that his damage was caused by a fire originating from the railroad or by any negligent or other act of either defendant, and a jury which returned a verdict for $4,010.50. From an order denying their motion to dismiss the action as to the Great Northern Railway Company, denying their motion to substitute John Burton Payne as sole defendant, denying the motion of the railway company for judgment notwithstanding the verdict or for a new trial, defendants took separate appeals. Modified on reargument and affirmed.

*M. L. Countryman* and *Baldwin, Baldwin, Holmes & Mayall,* for appellants.

*Rollo N. Chaffee* and *A. E. Parker,* for respondent.

*Arnold & Arnold,* as amici curiae, filed a brief.

DIBELL, J.

Action to recover damages caused by a fire alleged to have been started on the right of way of the defendant Great Northern Railway Company by one of its locomotive engines. There was a verdict against the railway company and the director general of railroads. Afterwards the agent of the President was substituted in place of the director general. The court refused to substitute the agent in place of the defendant railway company and to dismiss the latter. The defendant railway company and the defendant agent of the President separately appeal from

the order of the court denying the alternative motion for judgment or for a new trial, and refusing to dismiss the action against the railway company, and refusing to substitute the agent of the President in place of the railway company.

The defendants urge these points:

(1) That the evidence does not sustain a verdict finding either defendant liable for the fire which destroyed the plaintiff's property.

(2) That there is a defect of parties plaintiff because an insurance company paying a loss on the property destroyed was not joined as plaintiff.

(3) That the agent of the President should have been substituted in place of the defendant railway company and the railway company dismissed from the action.

(4) That the agent of the President is not liable for a loss occurring by reason of the fire starting on the right of way during the Federal operation of the road, that is, that the government incurred only the ordinary liability of a carrier and not the liability imposed by statute upon railroads for the results of a fire starting on the right of way.

1. The plaintiff owns a tract of land in St. Louis county about a mile and a quarter south and a like distance east of mile post 67. There is evidence that on October 10, 1918, a fire was started by a railway locomotive on the right of way at mile post 67. There was an effort by the railway men to put it out. It smouldered on the eleventh. On the twelfth the wind arose and fanned it into a blaze and it reached the plaintiff's property. There were numerous other fires about. The jury might find fairly that the fire, which started on the right of way on October 10, joined with other fires, and that it was a material element in the destruction of the plaintiff's property on October 12. With these facts established there was liability within Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45. The facts are in dispute, but the verdict is sustained by the evidence.

2. The defendant claims there was a defect of parties plaintiff. The answer alleges on information and belief that there was insurance on the plaintiff's property under a policy of the Minnesota standard form; that the insurance company, the name of which was unknown, paid

the plaintiff; and that the insurer by the terms of the policy, as well as by general law, was subrogated to a part of the plaintiff's cause of action and was a necessary party plaintiff. It is conceded that this was not a sufficient pleading within Ringquist v. Duluth, M. & N. Ry. Co. 145 Minn. 147, 176 N. W. 344. The amended reply admitted that the plaintiff had insurance with the St. Louis County Farmers Mutual Insurance Company which it may be assumed was not a company using the Minnesota standard form policy, and that some insurance was paid, and it alleged that any rights acquired by the insurance company by its payment had been assigned to the plaintiff. These allegations of the reply stand denied by force of the statute. There was no amendment of the answer. There was no proof. Plaintiff's reply was not offered as an admission. The insurance company is not identified either by pleading or by proof. The plaintiff contends, and it may be with some force, that in no event could his statement in his reply as to the insurance be taken as an admission without the accompanying statement as to the assigmnent. Ryan v. Simms, 147 Minn. 98, 179 N. W. 683. Again, it may be noted that it does not appear by a distinct allegation when the insurance was paid. If paid after suit brought, the suit could be continued in the plaintiff's name. Nichols v. Chicago, St. P. M. & O. Ry. Co. 36 Minn. 452, 32 N. W. 176. The question whether an insurer which has paid a loss and has become subrogated to a right in a part of the cause of action is a necessary party plaintiff, is one upon which the authorities do not agree. The question was left undetermined in the Ringquist case without an intimation as to what the holding ought to be and we leave it so now. It is best that it be determined when some vital right is involved and counsel and the court are spurred to an intensive consideration of the question. The plaintiff could easily have avoided making law on the question, and the defendant could easily have made the question necessary of decision. There is no difficulty in holding that the question is not sufficiently raised. If the defendants are fearful of being responsible for a double payment, or of being annoyed by a claim for it, advantage may be taken of the suggestion as to a release made in the trial court's memorandum, and acceded to in plaintiff's brief here. The judgment is within the control of the trial court and the arrangement suggested can be carried out.

3. The court substituted the agent of the President appointed under the transportation act of Februray 28, 1920 (41 St. c. 91, p. 456), for the director general of railroads. It refused to substitute him in place of the defendant railway company.

Prior to the transportation act we held it proper to join the director general, and refused to dismiss as to the railroad company. Lavalle v. Northern Pacific Ry. Co. 143 Minn. 74, 172 N. W. 918, 4 L.R.A. 1659; Gowan v. McAdoo, 143 Minn. 227, 173 N. W. 440; Palyo v. Northern Pacific Ry. Co. 144 Minn. 398, 175 N. W. 687; Ringquist v. Duluth, M. & N. Ry. Co. 145 Minn. 147, 176 N. W. 344; Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45.

Section 206 (a) of the transportation act provides for the bringing of an action against the agent of the President when the action is of such a character that it might have been brought against the carrier prior to the Federal Control Act.

Section 206 (d), (e) and (g) are as follows:

"(d) Actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of Federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (a).

"(e) Final judgments, decrees, and awards in actions, suits, proceedings, or reparation claims, of the character above described, rendered against the agent designated by the President under subdivision (a), shall be promptly paid out of the revolving fund created by section 210.

"(g) No execution or process, other than on a judgment recovered by the United States against a carrier, shall be levied upon the property of any carrier where the cause of action on account of which the judgment was obtained grew out of the possession, use, control, or operation of any railroad or system of transportation by the President under Federal control."

There is no decision of controlling authority as to the propriety of making or keeping the railway company a defendant when either the director general or the agent of the President is a party. Courts have differed. The question can only be set at rest by a decision of the

Federal supreme court. Wisconsin held as we held in the cases cited. After the passage of the transportation act it substituted the agent of the President as sole defendant in place of the railway company and the director general. Gundlach v. Chicago & N. W. Ry. Co. 172 Wis. 444, 179 N. W. 985. There are other cases in harmony with this holding. There is much to be said in support of the claim that the agent should be substituted and the railway company relieved. We appreciated the force of a similar argument when the roads were under Federal control through the director general, and do not disparage the argument now made. The question presented is not so different from those involved in the cases cited that we are disposed to substitute the agent of the President for the railway company. If we are in error the substantial rights of the parties are not affected other than as they are put to the expense of a correction of the error. If a final judgment for the plaintiff is paid, as contemplated by section 206 (e), the railway company will not be affected. It is protected by section 206 (g), if it is finally held that the liability is one for which the government is liable.

4. Under G. S. 1913, § 4426, absolute liability is placed upon every railroad corporation owning or operating a railroad in this state for damage done by fire communicated directly or indirectly by its locomotive engines. The contention now is that the liability of the director general or the agent of the President extends only to so-called common carrier liabilities and not to the liability imposed by the statute. A contrary holding was made in Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 146 Minn. 430, 179 N. W. 45, and we adhere to it.

We do not think it necessary to discuss the objection to the charge in respect of the necessity of the railroad fire being a material element in the destruction of the plaintiff's property. It was correct. We cannot say that it should have been repeated or amplified.

Order affirmed.

A reargument of the questions considered in subdivision 3 of the opinion having been granted, on June 29, 1921, the following opinion was filed:

DIBELL, J.

5. A reargument was granted upon the questions considered in paragraph 3 of the opinion. We there held that it was not error to refuse to substitute the agent of the President for the railway company and to deny the railway company's motion to dismiss.

In Missouri Pac. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, — L. ed.—reversing Missouri Pac. R. Co. v. Ault, 140 Ark. 572, 216 S. W. 3, it is held that the director general should have been substituted for the railroad company, and the company dismissed from the action. The case is of controlling applicability upon the motion in the present case to substitute the agent of the President and dismiss the railroad company. Following and applying it, our former holding upon this point, stated in paragraph 3, is vacated, and the Lavalle case and other cases there cited, holding to the contrary, are overruled. The agent of the President should be substituted and the railroad company dismissed. Upon the going down of the remittitur the court will modify the order as indicated; otherwise it will stand affirmed.

Modified and affirmed.