[L. A. No. 6605. In Bank.—August 16, 1922.]

GERTRUDE E. LAWRENCE et al., Respondents, v. SOUTHERN PACIFIC COMPANY (a Corporation), et al., Appellants.

[1] NEGLIGENCE—RAILROAD COMPANY—ACTION FOR DEATH—PLEADING—RESPONSIBILITY OF DIRECTOR-GENERAL OF RAILROADS—SUFFICIENCY OF COMPLAINT.—A complaint which sufficiently sets forth a cause of action against a railroad company for having negligently caused the death of a person is also sufficient to hold the Director-General of Railroads responsible for such negligence, where it is averred that the railroad was being operated under his control at the time of the accident.

[2] ID.—CONTRIBUTORY NEGLIGENCE—QUESTION OF FACT.—In this action to recover damages for death resulting from a collision between an automobile in which the deceased was riding and a line of freight cars which were being backed along a spur track of a railroad, the question of the contributory negligence of the de-

---

2. Care required of driver of automobile at railroad crossing, notes, Ann. Cas. 1913B, 680; Ann. Cas. 1915B, 767; 21 L. R. A. (N. S.) 794; 29 L. R. A. (N. S.) 924; 46 L. R. A. (N. S.) 702.

ceased in failing to stop, look and listen before essaying the cross-
ing was, in view of the evidence, one of fact for the jury.

[3] ID.—FAILURE TO RING BELL AT CROSSING—INSTRUCTION.—An in-
struction in an action against a railroad company for death at a
crossing from a collision with one of its trains as to the duty of
a railroad company to ring the bell on the locomotive, was erro-
neous in omitting to state that the failure must have contributed
directly to the injury in order to find the defendant liable, but
was not prejudicial, where the evidence showed that the train
operatives were culpably negligent in several other particulars
directly contributing to the accident.

[4] ID.—POVERTY OF PLAINTIFFS—INSTRUCTION.—An instruction in an
action for damages for death that the jury had a right to take
into consideration the pecuniary condition of the minor child
and widow of the deceased in determining the amount of damages,
was erroneous, but not prejudicial in the absence of any sufficient
evidence touching their wealth or poverty.

APPEAL from a judgment of the Superior Court of
Imperial County. Franklin J. Cole, Judge. Reversed in
part; affirmed in part.

The facts are stated in the opinion of the court.

Hickox, Crenshaw & Trude for Appellants.

Chas. L. Childers for Respondent.

RICHARDS, J., *pro tem.*—This action was brought by
the plaintiffs, the widow and minor child of George V.
Lawrence, deceased, to recover damages for his death,
which occurred on April 3, 1919, in El Centro, California, at
the intersection of Orange Avenue with a spur-track of the
Southern Pacific Company in that city. The defendants
named in the action are the Southern Pacific Company and
Walker D. Hines, Director-General of Railroads, and it is
a conceded fact in the case that at the time of the accident
which caused the death of the decedent the railroad and its
equipment was being operated by the Southern Pacific
Company and its officials and employees under the con-
trol of the director-general of railroads acting under and by
virtue of the proclamation of the President of the United
States, issued on December 26, 1917, pursuant to the act
of Congress of August 29, 1916, which act empowered the

President in time of war "to take possession and assume control of any system or systems of transportation or any part thereof and to utilize the same to the exclusion, so far as may be necessary, of all other traffic thereon, for the transfer or transportation of troops, war material or equipment, or for such other purposes connected with the emergency as may be needful or desirable." By the terms of the proclamation a director-general of railroads was appointed, with full authority to take possession and control of the systems embraced in the proclamation and to operate and administer the same. To this end the director-general was given authority to avail himself of the services of the existing railroad officials, boards of directors, receivers, employees, etc., who were authorized to continue to perform their duties in accordance with their previous authority until and except so far as such director-general shall from time to time by general or special orders otherwise provide; "but any orders, general or special, hereafter made by such director-general shall have paramount authority and be obeyed as such."

The accident in question occurred through a collision between an automobile in which the decedent and a companion were riding and which the former was driving along Orange Avenue, and a line of freight cars which were being backed along a spur-track of said railroad in said city. With respect to the parties defendant and their relation and liability, the plaintiffs' amended complaint alleges that Walker D. Hines is the regularly appointed, duly qualified and acting director-general of railroads, under and by authority of the laws of the United States; that the defendant Southern Pacific Company was on the date of said accident and still is the lessee and in control of the railroad in question and of its track, locomotives, cars and other equipment, and was operating the same at the time of the accident, "subject only to the control of the Director-General of Railroads of the United States." The amended complaint then proceeds to allege that "the defendant Southern Pacific Company carelessly and negligently caused certain of its cars to approach said crossing at a rapid rate of speed and then and there pass rapidly over the same and negligently and carelessly omitted its duty while approaching said crossing to give any signal

which could be heard or seen by said George V. Law-
rence, and carelessly omitted its duty by failing and
neglecting to have a switchman or flagman or any other
person at said crossing to warn the said George V. Lawrence
of the said approaching train; and that in consequence
thereof the cars of the defendant, Southern Pacific Com-
pany, struck the said automobile as aforesaid, etc.'' The
amended complaint further alleges ''that said injury was not
caused or contributed to by the acts or carelessness of said
George V. Lawrence, but was wholly because of the negli-
gence and carelessness of the Southern Pacific Company'';
and finally avers that ''by reason of the death of said
George V. Lawrence by the careless and negligent acts of the
defendant, Southern Pacific Company, the plaintiffs have
been damaged in the sum of $20,000.00.''

The defendants appeared separately, though by the same
counsel. The defendant Southern Pacific Company moved
to dismiss the action as against it upon the ground that it
was not a proper party defendant in the action for the
reason that it was not operating said railroad at the time
of said accident, but that the same, with its tracks, loco-
motives, cars and other appurtenances, was then and there
being operated by Walker D. Hines, Director-General of
Railroads. The motion specified general orders 50 and 50a
of the Director-General of Railroads and quoted from the
latter the portion thereof ordering ''that all actions at
law growing out of the possession, use, control or operation
of any railroad or system of transportation by the Director-
General of Railroads which might have been brought against
the railroad company should be brought against the Director-
General of Railroads.'' This motion was upon hearing denied.
The defendant Walker D. Hines, as Director-General of Rail-
roads, demurred to the amended complaint upon the general
ground that same did not state facts sufficient to constitute a
cause of action against said defendant and also upon the special
ground of misjoinder of parties defendant, in that Walker
D. Hines, Director-General of Railroads, was joined with
the Southern Pacific Company as such defendants. The
defendant Southern Pacific Company also presented a de-
murrer upon the general ground and also upon the ground
of misjoinder of itself with the defendant Walker D.

Hines, Director-General of Railroads. These demurrers being overruled, the defendants answered separately, denying specifically any negligence on the part of said defendants or either of them, and alleging that the accident occurred through the contributory negligence of the decedent. The defendants also each denied that the Southern Pacific Company was in the possession, control or operation of said railroad at the time of said accident, but did not deny that the defendant Walker D. Hines, Director-General of Railroads was in the possession and control of said railroad at said time. Upon the issues' thus joined the cause proceeded to trial before a jury. At the conclusion of plaintiffs' case the defendants moved separately for nonsuit, which motion the trial court denied. Upon the submission of the cause the jury rendered its verdict against both defendants in the sum of $20,000 damages, for which sum judgment was thereafter entered.

Motions for a new trial, made separately by said defendants, were denied, whereupon they united in taking and prosecuting an appeal to this court. The cause was transferred to the District Court of Appeal for hearing, and upon said hearing therein it was stipulated that the judgment should be reversed as to the defendant, Southern Pacific Company. This stipulation being in full force and effect, the judgment against the defendant Southern Pacific Company will be reversed solely upon said stipulation and not upon the merits. This renders unnecessary any consideration of the alleged errors of the trial court in so far as they might affect the defendant Southern Pacific Company, and leaves only for consideration upon this appeal the errors alleged to have been committed by the court affecting the defendant Walker D. Hines, Director-General of Railroads.

[1] The first of these alleged errors urged in behalf of said last-named defendant is that the trial court erred in overruling its demurrer upon the general ground that the amended complaint failed to state a cause of action as to said defendant. This contention is based upon the fact that said complaint did not contain any express averment of negligence upon the part of said defendant Walker D. Hines, Director-General of Railroads; its averments of negligence being wholly confined to the alleged negligence of

defendant Southern Pacific Company. This latter fact being conceded, it does not, however, follow that the plaintiffs' amended complaint fails to state a cause of action against defendant Walker D. Hines, Director-General of Railroads. It avers, somewhat inartificially, but still sufficiently to pass a general demurrer, that the operation of the railroad by the Southern Pacific Company at the time of the accident complained of was under and subject to the control of the Director-General of Railroads. In so alleging it follows substantially the language of the act of Congress and the proclamation of the President of the United States, above referred to, empowering the Director-General of Railroads to take over the possession, control and operation of the railroads during the war period; and in so doing to make use of the officials and employees of such railroads in continuing the operation thereof during the period of such control. Neither the act of Congress in question nor the proclamation of the President issued in pursuance thereof, nor any order of the Director-General of Railroads made in assuming control of such railroads, undertakes to exactly define the relation between those corporations and their officials and employees thus continuing the operation of such railroads and the Director-General of Railroads after the assumption by him of such control. Nor have any decisions of courts to which we have been referred undertaken definitely so to do. The nearest approach to such definition which has been called to our attention is that announced in the case of *Dahn* v. *McAdoo,* 256 Fed. 549, wherein that court suggests that "the peculiar relationship created by the act of Congress and the proclamation of the President is somewhat analogous to the relationship of master and servant"; while in the case of *Vaughn* v. *State,* 17 Ala. App. 35 [81 South. 417], it is said: "The apparent theory of general order No. 50 is that while carriers are operating under federal control they are mere agents of the Government and if liability for their torts and the torts of their employees exist it is against the Government and not against the carrier and therefore action for such torts should be against the Director-General of Railroads and not against the carrier." Adopting the view that the relationship between the Director-General of Railroads and the co-defendant, Southern Pacific Company, was in the

nature of an agency on the part of the latter it would follow that the averments of plaintiffs' amended complaint as to acts of negligence on the part of the Southern Pacific Company sufficient to state a cause of action against it would also sufficiently state a cause of action against its principal, the Director-General of Railroads, under the general rule that the negligence of the agent is imputed to the principal. A reading of general orders 50 and 50a of the Director-General of Railroads shows that they were drawn in harmony with these views, since these provide that in actions instituted since December 30, 1917, based upon a cause of action arising from the operation of any railroad, the pleadings may, upon application, be amended by substituting the Director-General of Railroads for the carrier company as a party defendant and releasing the company from liability thereof. It would thus appear that the mere substitution of the name of the Director-General of Railroads as a party defendant in an action already begun against a railroad, based upon its alleged negligence, would suffice to make him a party to such action and to justify a judgment against him without any other or further amendment of the pleadings so as to separately charge him with negligence. (*Peacock* v. *Detroit etc. Ry. Co.,* 208 Mich. 403 [8 L. R. A. 964, 175 N. W. 580]; *Dodge* v. *Northern Pacific Co.,* 144 Minn. 398 [175 N. W. 687]; *Elliott* v. *Chicago M. & St. P. etc. Ry.* (Mo.), 236 S. W. 17; *Adams* v. *Quincy etc. R. Co.,* 287 Mo. 535 [229 S. W. 790].) We are, therefore, of the opinion that the amended complaint in this action which sufficiently sets forth a cause of action against the Southern Pacific Company for having negligently caused the death of the decedent was also sufficient to hold the Director-General of Railroads responsible for such negligence through its averment that at the time of the injury complained of said railroad was being operated under his control.

[2] The next contention of said appellant is that his motion for nonsuit should have been granted for the reason that the contributory negligence of the decedent had been established by the plaintiffs' evidence as a matter of law. This contention is based upon the proposition that the decedent approaching the railroad crossing at which the

collision occurred was bound to stop and look and listen for approaching trains, and that had he done this he would have observed the approaching train in time to have avoided the accident. The appellant cites a large number of well-known cases supporting his said contention and it is not questioned by the respondent that they so decide. This conceded rule, however, is predicated upon the assumption that the decedent knew, or should in reason have known, that he was approaching a railroad crossing, but in this case the evidence upon this point is in sharp and substantial conflict. There is evidence showing that the spur-track of the railroad upon which the cars which caused the accident were being operated took off from the regular line of the railroad track at a point several hundred feet away from the railroad crossing where the decedent was killed, and at said point was about three hundred feet distant from the said regular line of tracks; that there was no sign or other visible warning to indicate the existence of a track or railroad crossing at that point, and that the track itself was so concealed by the earth along and between its rails as not to be visible, or at least to be easily observed by those approaching it along Orange Avenue. There was also evidence that the lands to the north and south of the crossing were occupied with the yards of certain oil companies which were surrounded by high picket fences, commonly known as "stockades," which shut off the view of the line or course of this spur-track from those approaching the vicinity of this particular crossing. There was also evidence that the decedent had resided but about two weeks in El Centro, and there was nothing in the way of evidence showing or tending to show that he was or should have been aware of the existence of said spur-track or of said crossing prior to the moment of his approach to it immediately before the collision. There was also evidence showing that the train of cars which collided with his machine was approaching noiselessly, or, as stated by the engineer, was "drifting into this siding," and that no whistle was blown or bell rung or other warning given of its approach, and that there was no brakeman or flagman or other person upon the rear end of the train thus backing down this spur-track, to give warning of its proximity. In the presence of such evidence this court is unable to say as a matter

of fact that the decedent knew or should in reason have known of the existence of this crossing or of the approach of this train so as to have been bound to stop and look and listen before essaying this crossing, and hence we cannot say that as a matter of law the decedent was guilty of contributory negligence in failing so to do. Under such conditions the question of contributory negligence would be one to be submitted to the jury under proper instructions of the court.

What has heretofore been said disposes also of appellant's contention that the verdict of the jury was not supported by the evidence in the case.

[3] The appellant's next contention is that the trial court committed prejudicial error in giving the following instruction:

"You are instructed that it is the duty of the defendants to have a bell on its locomotive and to ring the same at a distance of at least eighty rods from the place where the railroad crosses any street and to keep the same ringing until the locomotive crosses said street, and that if you find from the evidence that the bell on the locomotive attached to the train which caused the accident complained of in this action was not ringing at the time of the accident, then such omission constitutes negligence *per se,* and the defendant is liable for all damages sustained by the plaintiff unless you find further from the evidence that the deceased failed to exercise ordinary care for his own protection."

It is the contention of the appellant that the vice in this instruction consists in the omission therefrom of the statement "that the accident was due to such failure" or of such similar statement as would indicate to the jury that it must also find that such failure was the proximate cause of the accident. There can be no doubt that this court has uniformly held that instructions relating to the failure of a defendant to perform a duty imposed by statute as constituting actionable negligence should embrace the limitation that the omission must have contributed directly to the injury. (*McKune* v. *Santa Clara etc.,* 110 Cal. 480–486 . [42 Pac. 980]; *Fresno Traction Co.* v. *Atchison T. & S. F. etc. Ry. Co.,* 175 Cal. 358, 368 [165 Pac. 1013]; *Eaton* v. *Southern Pac. Co.,* 22 Cal. App. 461, 473 [134 Pac. 891], and cases cited.) It follows necessarily that the fore-

going instruction was defective in the omission of this qualifying clause or statement; but the question yet remains as to whether under all the circumstances of this case it was such prejudicial error as would compel a reversal of the case. It is a conceded fact in the case that the train of cars which was being backed down this siding and which caused this collision consisted of eleven gondola cars with engine attached to the further end thereof. The average length of these cars was about forty feet each, which would place the engine at a distance of over four hundred fifty feet from the point of collision. The evidence of witnesses who were nearest the point of collision preponderate in the showing that they heard no ringing of an engine bell. On the other hand, the evidence of those in charge of the train was to the effect that the engine bell was ringing at the time and was rung automatically when the engine was in action. The ringing of an engine bell at that distance from a spur-track crossing and in the direction of the main line tracks might well have escaped the notice of persons at or approaching such crossing, and this being so, even if the evidence had been undisputed that the engine bell was ringing, that fact would not have compelled the conclusion that the decedent was negligent in failing to hear and observe its distant warning. The evidence otherwise clearly shows that those in charge of the operation of said train of cars upon said spur-track at the time of the occurrence of this accident were guilty of culpable negligence directly contributing thereto. The testimony of every eye-witness to the accident, other than the brakeman himself, who should have been stationed either upon the crossing or upon the nearest end of the approaching train, is to the effect that he was at neither place, but was at some distance down the line of cars, too far away from the crossing to give warning to the decedent of their approach. The evidence also shows that the train was being operated at a rate of speed which carried its last car, which had struck decedent's machine, 175 feet beyond the point of contact and after the engineer had been given the stop signal at the moment of the collision. There was no flagman at the crossing, nor was there maintained there any signal or "Stop, Look and Listen" signs, or other warning signs or signals indicating the presence or dangers

of the crossing. The evidence further shows that the premises on both sides of the point of intersection of the west line of Orange Avenue with this single spur-track are occupied by the yards of oil companies which are surrounded with tall stockades, which greatly obstruct, if they do not entirely obscure, vision along the line of said track on the part of those approaching the crossing until they are practically upon it. In view of all these circumstances clearly showing that those in charge of this train were culpably negligent in several particulars directly contributing to this accident, entirely aside from the question as to whether the engine bell was or was not ringing, we are unable to say that the error in the foregoing instruction was sufficiently prejudicial to justify a reversal of the case. It appears to us that the jury, as reasonable men, would naturally regard the fact as to whether said engine bell was or was not ringing at such a distance from the actual point of collision as an immaterial consideration in the case.

[4] The next instruction of which the appellant complains is an instruction setting forth the relationship of the plaintiffs to the decedent as his widow and minor child and their right to recover damages based upon such relationship. The portion of said instruction particularly complained of is its concluding clause, whereby the jury was instructed that it had a right to take into consideration, among other facts, "the pecuniary condition of said minor child and widow of the deceased in determining the amount of damages." In the case of *Steinberger* v. *California Electric etc. Co.,* 176 Cal. 386, 389 [168 Pac. 570], this court said: "It seems to be the rule, supported by a long line of decisions in this state and elsewhere, that evidence of the plaintiff's poverty is inadmissible in an action to recover damages for personal injuries." (Citing many cases.) It follows that the foregoing portion of said instruction was erroneous and would have been prejudicially so if there had been any sufficient evidence in the case touching the plaintiffs' wealth or poverty. The record, however, shows that when, during the trial, an inquiry was attempted to be made as to what if any property the plaintiffs had, it was met with a prompt objection, which the court as promptly sustained. No other direct evidence touching the

subject was offered or admitted, and the only bit of testimony which the appellant relies upon in urging its contention is the statement of the widow of the decedent, admitted without objection, that the latter was an able, strong man, sober and industrious, and was receiving $125 a month wages, and that ''Mr. Lawrence and myself lived together all the time and he supported us.'' In this state of the record we are of the opinion that the appellant was not prejudicially affected by this erroneous clause in an otherwise correct instruction, which was predicated upon no sufficient evidence in the case upon which the jury could have based a finding as to the plaintiffs' wealth or poverty. A judgment will not ordinarily be reversed for an erroneous instruction which has no support in the evidence in the case. (*Satterlee* v. *Bliss,* 36 Cal. 489.)

As to both of the foregoing instructions, which we have held erroneous but not sufficiently prejudicial to justify a reversal, we are of the opinion that section 4½ of article 6 of the constitution can properly be given application, in view of all the other facts and circumstances of this case. We do not think ''that the error complained of has resulted in a miscarriage of justice.''

The judgment as to the Southern Pacific Company is reversed.

The judgment as to the Director-General of Railroads is affirmed.

Shaw, C. J., Waste, J., and Lennon, J., concurred.

Myers, J., *pro tem.,* concurred in the judgment.