[S. F. No. 12046. Department One.—September 4, 1928.]

LILLIAN BORLAND, Respondent, v. KEY SYSTEM TRANSIT COMPANY (a Corporation) et al., Appellants.

154

Brobeck, Phleger & Harrison and Frank S. Richards for Appellants.

Ford, Johnson & Bourquin for Respondent.

PRESTON, J.—In this action to recover damages for personal injuries received by plaintiff as the result of collision between an automobile in which she was riding and a street-car operated by defendant transit company, defendant has appealed from judgment in her favor upon three grounds, to wit: Insufficiency of the evidence to justify the verdict and judgment, errors in instructions and prejudicial misconduct of counsel for plaintiff.

The collision occurred August 14, 1924, about 8 P. M., at the intersection of Fifty-eighth Street and Telegraph Avenue, a heavily traveled main thoroughfare between Oakland and Berkeley, California. Plaintiff and her husband in their Ford coupe were proceeding westerly on Fifty-eighth Street. Reaching said intersection, the husband, who was driving, brought the automobile to a complete stop, al-

lowing north-bound vehicular traffic on Telegraph Avenue to pass. He then looked to his right and saw a street-car south-bound on Telegraph Avenue. Judging, however, that it was far enough away to permit him to cross in safety, he started up, but as he was about to pull across on to the south-bound track, his wife screamed "that car is right on top of us," whereupon he immediately swung around to the left to avoid being hit, if possible. He succeeded to such an extent that the street-car merely hit the right rear side of the automobile, dragging it some distance. As a result, however, plaintiff sustained injuries of a painful and serious nature.

Although the evidence is to a certain extent conflicting, yet there is ample testimony in support of plaintiff's contention that when they first saw the street-car it was such a distance away as should and would have allowed them to cross Tele-graph Avenue in perfect safety had not said street-car borne down upon them at a high and unusual rate of speed and traversed more than a block without any warning of its ap-proach. Appellant's contention of insufficiency of the evi-dence is predicated upon the claim that the testimony of the driver of the automobile conclusively shows contributory negligence on his part, which negligence is imputable to plaintiff, his wife, and under the established facts becomes solely a question of law. In other words, seeking to in-voke the rule that where the facts are settled and it clearly appears that the injured party did not exercise ordinary care, the question of contributory negligence is a question of law (*Green* v. *Southern California Ry. Co.,* 138 Cal. 1 [70 Pac. 926]), appellant contends that said driver, according to his own testimony, did not look in the direction of the south-bound street-car between the time he determined to start up and the time he reached the south-bound car track, whereas had he but glanced in that direction again, he would have seen the rate of speed at which the car was bear-ing down upon them and could have avoided the accident; and that such facts establish his contributory negligence as a matter of law.

There is no merit in the contention. Here the question was clearly one of fact upon which the verdict of the jury is conclusive. The jurors were entitled to weigh the evidence in the light of all inferences favorable to plaintiff and to defendant fairly deducible therefrom and to finally adopt the

view that said driver did in fact use due care in that he first came to a complete stop and, before proceeding across the tracks, carefully looked to the right and left; that he then rightfully assumed that he need fear no danger from the street-car which he observed some distance away and accordingly he operated the automobile slowly across the intervening space. "In *Davis* v. *Pacific Power Co.*, 107 Cal. 563, 575 [48 Am. St. Rep. 156, 40 Pac. 950], it is said: ▆ 'It is only where the undisputed facts are such as to leave but one reasonable inference, and that of negligence, that the court is justified in taking the question from the jury.' Where either negligence is set up as a cause of action or contributory negligence pleaded as a defense, it seldom happens that the question is so clear from doubt that the court can undertake to say as a matter of law, how the jury should find upon such issues. . . . Whether an inference of negligence on the part of the plaintiff in not further watching the approach of the automobile was justified, depended upon whether she was justified in this reasoning. As said in *Johnson* v. *Thomas,* 5 Cal. Unrep. 256 [43 Pac. 578] : 'It was certainly an inference upon which minds might well differ, and hence proper to be submitted to a jury, under proper instructions.' " (*Bellinger* v. *Hughes,* 31 Cal. App. 464, 467 [160 Pac. 838].) "Contributory negligence is a question of law only when the court is impelled to say that from the facts reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to his injury. (*Zibbell* v. *Southern Pacific Co.,* 160 Cal. 237 [116 Pac. 513] ; *Wing* v. *Western Pacific R. R. Co.,* 41 Cal. App. 251 [82 Pac. 969] ; *Bailey* v. *Market St. Ry. Co.,* 110 Cal. 320, 328 [42 Pac. 914].) " (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335, 343 [208 Pac. 125, 129].)

So numerous are the California cases holding that, as with the negligence of defendant, so the question of contributory negligence of plaintiff is ordinarily one of fact for the jury, it is almost unnecessary to cite authority to this effect. (See 19 Cal. Jur., sec. 141, p. 735, and many cases there cited; *Lawrence* v. *Southern Pac. Co.,* 189 Cal. 434 [208 Pac. 966] ; *Morris* v. *Standard Oil Co.,* 188 Cal. 468 [205 Pac. 1073].) *Clark* v. *Bennett,* 123 Cal. 275 [55 Pac. 908], which presents facts analogous to those of the instant case, is directly in point and upholds our conclusion above announced. The

same is true of the case of *Campbell* v. *Los Angeles Traction Co.*, 137 Cal. 565 [70 Pac. 624]. See, also, *Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677] ; *Commonwealth Bonding Co.* v. *Pacific Electric Co.*, 42 Cal. App. 573 [184 Pac. 29], *Smith* v. *Southern Pacific Co.*, 201 Cal. 57 [255 Pac. 500], and *Dawson* v. *San Diego Elec. Ry. Co.*, 82 Cal. App. 141 [255 Pac. 215].

■ The instruction which is the subject of appellant's chief attack correctly states the law. It contains the identical language of an instruction, the correctness of which was upheld on appeal in the case of *Commonwealth Bonding Co.* v. *Pacific Electric Co.*, *supra*. The other instructions touching the same subject criticised by appellant, either considered as a whole or standing alone, likewise state the law as set forth in said authority and are fully sustained by it and by the other cases last hereinabove cited.

■ The remaining ground urged for reversal, that of alleged misconduct of counsel for plaintiff in the making of a certain remark in his closing argument to the jury, may also be dismissed from consideration. In the first place, counsel did not even finish the sentence which he started and which was immaterial to any issue in this case. He promptly admitted his error, stating he would never have thought of going outside of the record had not counsel for appellant by having first done so himself invited such action. He asked the court to instruct the jury to disregard it on both sides. The jury was so instructed by the court and the harm done, if in fact there was any, was thus cured by the prompt admonition of the court.

Judgment affirmed.

Seawell, J., and Curtis, J., concurred.

Hearing in Bank denied.

All the Justices present concurred.